FILED

APR - 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

WESLEY L. CLARKE, as Personal )
Representative of the Estate of )
MARIO MEDINA )
8622 Far Fields Way )
Laurel, MD 20723, )
)
and ) Case No.
)
Ralph Linus )
8128 West Summerdale Avenue )
Norwood Park, Ill. 60656 )
)

CASE NUMBER 1:06CV00623

JURY ACTION

JUDGE: James Robertson

Plaintiffs,

vs.

DECK TYPE: Personal Injury/Malpractic

THE DISTRICT OF COLUMBIA,

DATE STAMP: 04/04/2006

)
SERVE: HON. ANTHONY WILLIAMS, Mayor )
    John A. Wilson Building )
    1350 Pennsylvania Avenue )
    Washington, D.C. 20004, )
)
ROBERT J. SPAGNOLETTI )
Corporation Counsel, D.C. )
John A. Wilson Building )
1350 Pennsylvania Avenue )
Washington, D.C. 20004, )
)
and )
)
SAINT ELIZABETH HOSPITAL )
2700 Martin Luther King Junior Avenue )
Washington, D.C. 20032, )
)
and )
)
D.C. DEPARTMENT OF MENTAL HEALTH )
64 New York Avenue, N.E. 4th floor )
Washington, D.C. 20002, )

|   |   |
|---|---|
| | ) |
| | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| GREATER SOUTHEAST COMMUNITY | ) |
| HOSPITAL | ) |
| 1310 Southern Avenue, S.E. | ) |
| Washington, D.C. 20002 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

(Wrongful Death/Survival Act; Negligence –Medical Malpractice; Negligent Training & Supervision; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress)

## INTRODUCTION

1. This a civil action brought pursuant to U.S.C. §1983 seeking damages against the Defendants for committing acts under color of law which deprived Plaintiff's of rights secured under the Constitution and laws of the United States of America and the District of Columbia.

2. In addition, it is a civil action seeking damages against the Defendants for the intentional wrongdoing and acts of negligence under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution, and under 42 U.S.C. §1983 and §1988, 28 U.S.C. §1331; 28 U.S.C. §1343 and §2202; and under D.C. Code §11-921 (1981).  Plaintiff further invokes the supplemental jurisdiction of this court to adjudicate pendent claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. §1367.

4. Venue of this court is proper under since the incident occurred in the District of Columbia.

5. The District of Columbia was given notice of this claim pursuant to D.C. Code §12-309 (1981) on or about September 29, 2005..

## PARTIES

6. Plaintiff, Wesley L. Clarke, is the personal representative of the estate of MARIO MEDINA.

7. Plaintiff, Ralph Linus is the Brother of the deceased, MARIO MEDINA.

8. Defendant Saint Elizabeth Hospital is a corporation organized and existing under the laws of the District of Columbia with its principal place of business at 2700 Martin Luther King Boulevard, Washington, D.C..

9. Defendant Greater Southeast Community Hospital is a corporation organized and existing under the laws of the District of Columbia with its principal place of business at 1310 Southern Avenue, Washington, D.C..

10. Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States.

11. Defendant Department of Mental Health is a municipal corporation organized and existing under the laws of the District of Columbia with its principal place of business at 64 New York Avenue, Washington, D.C.

## STATEMENT OF FACTS

12. On or around March 29, 2005, MARIO MEDINA became a patient at the facilities of Defendant Hospitals (Saint Elizabeth and Greater Southeast), for a course of treatment for Congestive Heart Failure, at which time the Defendants undertook for a valuable consideration to treat and care for the Plaintiff.

13. Defendants owed Plaintiff the duty to exercise that degree of diligence and skill required of the average health care practitioners in their respective specialties.

14. Further, MARIO MEDINA died as a result of defendant's failure to properly monitor the medications administered to Mr. Medina, negligent failure of Mr. Medina's treating psychiatrists to keep Mr. Medina's general Medical doctors appraised of his psychiatric medications, negligent failure to monitor the side effects of the medications, negligent failure to properly follow up on Mr. Medina's diagnosis of congestive heart failure, knowing promotion of policies and practices that led to Mr. Medina's death, negligent hiring, negligent retention, negligent supervision, insufficient training, and failure to hire sufficient staff

15. Defendant Hospitals breached the duty of care which it owed to MARIO MEDINA by failing to comply with nationally recognized standards of care in the follow up and treatment of his congestive heart failure, thereby contributing substantially to his death.

16. As a direct and proximate result of the actions set forth above, MARIO MEDINA died from Congestive Heart Failure.

17. As a direct and proximate result of the breaches of Defendants as outlined above, Plaintiff suffered severe injuries and damages' including, without limitation, physical and emotional injuries, costs for treating such injuries, loss of earning capacity, loss of earnings, pain and suffering and other consequential damages.

18. As a direct and proximate result of the negligence of Defendants, Plaintiff MARIO MEDINA, died on April 5, 2005.

## COUNT I
(Survival Act)

19. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein.

20. Pursuant to the Survival Act, D.C. Code §12-101, the decedent's right of action for the wrongful and negligent conduct against Defendants survives in favor of Wesley L. Clarke, the legal representative of the deceased. Plaintiff, Mario Medina, and Plaintiffs demands all damages for loss of future wages, medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

Wherefore, Plaintiffs demand judgment against Defendants in the full and fair amount of One Million Dollars ($1,000,000.00), plus punitive damages to the extent allowed by law, interest and costs.

## COUNT II
(Wrongful Death)

21. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein.

22. Plaintiff's claims under common law negligence are actionable under the Wrongful Death Act, D.C. Code §16-2701.

23. As a direct result of the negligence or wrongful acts of the Defendants, Plaintiffs and next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the act.

WHEREFORE, Plaintiffs demand judgment against Defendants in the full and fair amount of One Million Dollars ($1,000,000.00), plus punitive damages to the extent allowed by law, interest and costs.

## COUNT III
(Negligence – Medical Malpractice)

24. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein.

25. On or around March 29, 2005, MARIO MEDINA became a patient at the facilities of Defendant Hospitals (Saint Elizabeth and Greater Southeast), for a course of treatment for Congestive Heart Failure, at which time the Defendants undertook for a valuable consideration to treat and care for the Plaintiff.

26. Defendants owed Plaintiff the duty to exercise that degree of diligence and skill required of the average health care practitioners in their respective specialties.

27. Further, MARIO MEDINA died as a result of defendant's failure to properly monitor the medications administered to Mr. Medina, negligent failure of Mr. Medina's treating psychiatrists to keep Mr. Medina's general Medical doctors appraised of his psychiatric medications, negligent failure to monitor the side effects of the medications, negligent failure to properly follow up on Mr. Medina's diagnosis of congestive heart failure, knowing promotion of policies and practices that led to Mr. Medina's death, negligent hiring, negligent retention, negligent supervision, insufficient training, and failure to hire sufficient staff

28. Defendant Hospitals breached the duty of care which it owed to MARIO MEDINA by failing to comply with nationally recognized standards of care in the follow up and treatment of his congestive heart failure, thereby contributing substantially to his death.

29. As a direct and proximate result of the breaches of Defendants as outlined above, Plaintiff suffered severe injuries and damages' including, without limitation, physical and emotional injuries, costs for treating such injuries, loss of earning capacity, loss of earnings, pain and suffering and other consequential damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which exceeds the jurisdictional requirements of this Court, plus interest and costs.

## COUNT VI
(42 U.S.C. §1983, Training and Supervision)

30. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein.

31. At all times relevant herein, Doctors and Nurses responsible for the death of

MARIO MEDINA were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendant District of Columbia and implemented by the Defendant Hospitals.

32. Defendants acted negligently, carelessly, recklessly and deliberately indifferent by failing to properly train, supervise, control, direct and monitor the officers in their duties and responsibilities.

33. As a direct and proximate result of the acts and omissions of Defendants District of Columbia and Defendant Hospitals, Plaintiff MARIO MEDINA died.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), plus punitive damages to the extent allowed by law, interest, and costs.

### COUNT VIII
(Intentional/Negligent Infliction of Emotional Distress)

34. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein.

35. Defendants intentionally and/or negligently caused severe emotional distress to MARIO MEDINA by their extremely negligent, reckless and indifferent conduct, including but not limited to inadequate medical treatment and thereby causing his death.

36. As a direct and proximate result of Defendant extremely negligent, reckless, indifferent and malicious conduct, MARIO MEDINA, suffered severe pain, emotional distress, and mental anguish as he died at Saint Elizabeth Hospital, in Washington, D.C.

WHEREFORE, the Plaintiffs demand judgment against the Defendants jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00) plus punitive damages to the extent allowed by law, interest, and costs.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: ~~March~~ April 4, 2006

Respectfully Submitted,

Wesley L. Clarke,
BAR ID-474594
The Law Offices of Wesley L. Clarke
8622 Far Fields Way
Laurel, MD. 20723
202-257-9730
Attorney for the Plaintiffs