UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY CLARKE, as Personal Representative of the Estate of MARIO MEDINA | Case No. 1:06CV00623 |
| and | The Hon. James Robertson |
| RALPH LINUS, Plaintiffs, | |
| v. | |
| THE DISTRICT OF COLUMBIA | |
| and | |
| SAINT ELIZABETH HOSPITAL | |
| and | |
| D.C. DEPARTMENT OF MENTAL HEALTH | |
| and | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL Defendants. | |

**DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW defendant Greater Southeast Community Hospital Corporation I, wrongly identified as Greater Southeast Community Hospital, ("Greater Southeast"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and moves this Honorable Court for entry of an Order, pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure,

230779.1

dismissing the Complaint with prejudice. As grounds for this Motion, defendant states as follows:

1. Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

2. Plaintiffs, Personal Representative of the Estate of the decedent, and the decedent's brother, assert five causes of action: (1) a survival claim predicated on medical negligence; (2) a wrongful death claim predicated on medical negligence; (3) a negligence – medical malpractice claim; (4) a 42 U.S.C. § 1983 claim; and (5) an infliction of emotional distress claim. Complaint at ¶¶ 19-36.

3. Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed because it is grounded upon a claim of medical malpractice.

4. Furthermore, Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed because it is not properly pled.

5. Because Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed, Plaintiff's additional claims should be dismissed for lack of subject matter jurisdiction.

6. In the alternative, Counts III and VIII of Plaintiffs' Complaint are duplicative and based upon the identical theory of liability and damages as Count I, and accordingly should be dismissed.

7. Finally, all claims for punitive damages should be dismissed.

Greater Southeast respectfully refers this Court to the attached Memorandum of Points and Authorities submitted in support of this Motion, which is adopted and incorporated by reference as if fully set forth herein.

**WHEREFORE**, Greater Southeast respectfully requests that this Court grant the instant Motion To Dismiss Plaintiffs' Complaint and enter an Order dismissing any and all claims with prejudice.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

/s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
(202) 626-7660
(202) 628-3606 fax
**Counsel for Defendant Greater Southeast Community Hospital**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, and proposed Order in support thereof was served, via electronic filing and first class mail, this 4th day of May, 2006, to:

Wesley L. Clarke
8622 Far Fields Way
Laurel, MD 20723

Stephen J. Anderson
Office of Corporate Counsel
PO Box 14600
Washington, D.C. 20044-4600

/s/ Anastasios P. Tonorezos
Anastasios P. Tonorezos

230779.1