UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY CLARKE, as Personal Representative of the Estate of MARIO MEDINA <br><br> and <br><br> RALPH LINUS, <br>　　　　　Plaintiffs, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA <br><br> and <br><br> SAINT ELIZABETH HOSPITAL <br><br> and <br><br> D.C. DEPARTMENT OF MENTAL HEALTH <br><br> and <br><br> GREATER SOUTHEAST COMMUNITY HOSPITAL <br>　　　　　Defendants. | Case No. 1:06CV00623 <br><br> The Hon. James Robertson |

### DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW defendant Greater Southeast Community Hospital Corporation I, wrongly identified as Greater Southeast Community Hospital, ("Greater Southeast"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and, pursuant to Rule

230779.1

12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss.

Plaintiff's Complaint is fundamentally flawed and should be dismissed in its entirety. Plaintiffs' 42 U.S.C. § 1983 claim is not properly pled and cannot be predicated on a state tort law theory. Therefore, it should be dismissed. Since Plaintiffs' additional claims are before this Court as pendent claims, if Plaintiffs' 42 U.S.C. § 1983 claim is dismissed, the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction.

In the alternative, should this Court choose to exercise jurisdiction over Plaintiffs' state claims, Counts III and VIII, which are based upon the identical theory of liability and damages as Count I, should be dismissed. Finally, all claims for punitive damages should be dismissed.[1]

## I. FACTUAL BACKGROUND

According to the Complaint, on or around March 29, 2005, decedent "became a patient at the facilities of Defendant Hospitals." Complaint ¶ 12. Also according to the Complaint, Mario Medina died on April 5, 2005, as a result of Defendant Hospitals' breach of the duty of care it owed to Mario Medina. (the "decedent"). Complaint ¶¶ 15, 18. The gravamen of Plaintiff's Complaint is that the defendants failed to comply with "nationally recognized standards of care" causing the decedent's death. Complaint at ¶¶ 15, 28.

Plaintiff asserts five causes action: (1) a survival claim predicated on medical negligence; (2) a wrongful death claim predicated on medical negligence; (3) a negligence – medical malpractice claim; (4) a 42 U.S.C. § 1983 claim; and (5) an infliction of emotional distress claim. Complaint at ¶¶ 19-36.

---

[1] It is Greater Southeast's position that once Plaintiff's 1983 claims are dismissed, this Honorable Court should dismiss each count for lack of subject matter jurisdiction. In the event Counts I and II of Plaintiff's Complaint (survival and wrongful death) survive this motion to dismiss, Greater Southeast will file a motion for a more definite statement.

230779.1

Although difficult to discern, plaintiffs appear to seek wrongful death and survival damages for (1) the decedent's brother, individually, <u>and</u> (2) the decedent's estate. Apparently, Ralph Linus is the decedent's brother. Complaint at ¶ 7.

## II. <u>ARGUMENT</u>

### <u>Legal Standard</u>

Under Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed for failure to state a claim if it appears that plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *Fisher v. Washington Teachers' Union*, Case No. 04-2059, 2004 U.S. Dist. LEXIS 25740, *8 (D.D.C. December 17, 2004). When evaluating a motion to dismiss, Courts must construe the complaint in the light most favorable to the plaintiff and must accept the complaint's allegations as true. <u>Id.</u>

### <u>District of Columbia Substantive Law Applies to Plaintiffs' State Claims</u>

Plaintiffs assert a single federal cause of action (42 U.S.C. § 1983) and four state causes of action, each predicated on negligence. Consequently, jurisdiction in this matter is predicated on 28 U.S.C. § 1331 (codifying Federal Question jurisdiction). 28 U.S.C. § 1367 provides supplemental jurisdiction over plaintiffs' state claims. When exercising supplemental jurisdiction, courts apply the forum state's choice of law rules. *A.I. Trade Finance, Inc. v. Petra International Banking Corporation*, 62 F.3d 1454, 1463 (D.C. Cir. 1995).

### A. <u>Plaintiff's 42 U.S.C. § 1983 Claim Fails Because it is not Properly Pled</u>

1. <u>Plaintiff's Complaint sounds in medical malpractice, which cannot form the basis for a claim pursuant to 42 U.S.C. §1983</u>

Plaintiffs seek damages for injuries allegedly caused by the Defendants' failure to provide proper medical care. Such a suit falls squarely within traditional state tort law. Although not completely clear, it appears that Plaintiffs argue that in addition to violating District of

230779.1

Columbia law, the Defendants' nonfeasance deprived decedent of a constitutionally protected right. However, it is settled that "negligent medical care does not give rise to a constitutional claim." *Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132, 2002 U.S. Dist. Lexis 13761 (D.D.C. 2002).

Such a claim must be approached with "extreme caution." *Washington v. District of Columbia*, 256 U.S. App. D.C. 84; 802 F.2d 1478 (D.C. Cir. 1986). "The Supreme Court has repeatedly warned that section 1983 must not be used to duplicate state tort law on the federal level… Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Id.* quoting, *Baker v. McCollan*, 443 U.S. 137, 146, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979). This medical malpractice action is exactly the type of state law case the Supreme Court cautioned against.

Malpractice actions cannot be brought under § 1983 because they sound in negligence, and mere negligence does not rise to the level of a constitutional tort. *Benjamin v. Schwartz, M.D.*, 299 F.Supp.2d 196, 200, 2004 U.S. Dist. Lexis 778 (S.D.N.Y. 2004). [to sustain a cause of action under §1983 in a medical malpractice case, plaintiff must show that defendant's actions constituted deliberate indifference to his medical needs]. In the case at bar, Plaintiffs take issue with how medical treatment was administered, but that does not make out a claim for deliberate indifference to the decedent's medical needs, which is the minimum standard for deprivation of a constitutional right. *Id.; see also, Jenkins v. District of Columbia*, No. 94-0995, 1996 U.S. Dist. LEXIS 10650, *6 (D.D.C. July 26, 1996) (granting defendants' motion to dismiss in a § 1983 claim); *Ross v. Kelly*, 784 F. Supp. 35, 44-45 (W.D.N.Y. 1992), aff'd, 970 F.2d 896 (2d Cir.

1992), cert. denied, 506 U.S. 1040 (1992). See also *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (complaint must allege more than malpractice).

Plaintiffs believe that decedent had a cause of action for medical malpractice, and set forth those allegations, albeit without specification or clarity, in a separate count under the District of Columbia's survival statute. Section 1983, however, does not federalize tort law. Plaintiffs cannot use a negligence action as the basis for jurisdiction in federal district court. Accordingly, Plaintiffs' 42 U.S.C. §1983 claim should be dismissed.

> 2. <u>Plaintiffs' 42 U.S.C. § 1983 claim is not properly pled because it does not allege that Greater Southeast was acting under color of state law and that the actions were taken pursuant to an official policy and therefore, plaintiffs' claim should be dismissed</u>

42 U.S.C. § 1983 creates liability against any person who violates the Constitution while acting under the color of law. 42 U.S.C. § 1983 (2005). A *prima facie* case under § 1983 requires a showing of at least: (1) conduct committed by a person acting under color of law; (2) conduct that deprives a person of rights, privileges, or immunities secured by the Constitution; and (3) that the conduct derived from an established governmental procedure or custom. *Jenkins v. District of Columbia*, No. 94-0995, 1996 U.S. Dist. LEXIS 10650, *6 (D.D.C. July 26, 1996) (granting defendants' motion to dismiss in a § 1983 claim). *See also* 42 U.S.C. § 1983 (2005); *Taylor v. District of Columbia*, 691 A.2d 121, 125 (D.C. 1997) (plaintiff failed to introduce evidence concerning an established procedure for constitutional violations and, therefore, § 1983 claim failed).

In the instant case, plaintiffs (1) fail to allege that Greater Southeast was acting under the color of state law and (2) neglect to allege an established governmental procedure that deprived the plaintiff of a constitutional right. Indeed, Plaintiffs' § 1983 count merely alleges that:

230779.1

> 31. ...Doctors and Nurses responsible for the death of [plaintiff] were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendant District of Columbia and implemented by the Defendant Hospitals.

Complaint, ¶ 31.

Consequently, plaintiffs have not properly alleged that Greater Southeast acted under the color of law state when it allegedly deprived the decedent of a constitutional right. Moreover, plaintiffs fail to allege an official policy or custom practiced by Greater Southeast that was the moving force behind the alleged constitutional deprivation. The thrust of Plaintiffs' Complaint is that Defendants failed to comply with nationally recognized standards. Complaint, ¶¶ 15, 28. Moreover, Plaintiff's Complaint is flawed because there is no contention that the procedures themselves were inadequate. *Taylor v. District of Columbia*, supra 691 A.2d at *10, citing, *Paratt v. Taylor*, 451 U.S. 527, 535, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981).

Furthermore, a plaintiff must do more than allege in a conclusory fashion that a defendant was deliberately indifferent. *Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132, 2002 U.S. Dist. Lexis 13761 (D.D.C. 2002). "[D]ismissal is proper where a plaintiff alleges no facts that indicate that a defendant's failure to provide treatment was deliberate." *See Jenkins v. Gov't of the Dist. of Columbia*, 1996 U.S. Dist. LEXIS 10650, Civil Action No. 94-0995, 1996 WL 440551, at *3 (D.D.C. 1996) (holding that plaintiff's failure to adequately allege deliberate indifference on the part of the defendant is one of several failures that warrants the dismissal of plaintiff's complaint). In the case at bar, not only do Plaintiffs fail to allege facts that indicate that Greater Southeast was deliberately indifferent, Plaintiffs completely fail to provide facts differentiating between any of the alleged acts of the defendants. It is respectfully suggested that these failures are due to the fact that there are no facts to support that Greater Southeast, a

230779.1

privately owned and operated hospital which provided care to the decedant on occasions when decedant was transferred to the facility for health care, deprived decedant of a constitutional right. Further, there are no facts to support a bare allegation that Greater Southeast was deliberately indifferent to the needs of the decedant.

Therefore, plaintiffs' claim under 42 U.S.C. § 1983 fails as a matter of law and should be dismissed.

### B.    Plaintiffs' Claims Under District of Columbia Law are Pendent Claims and Should be Dismissed Upon Dismissal of Plaintiffs' Federal Claim

Plaintiffs' non-federal claims against the individual defendants are before this court as pendent claims. Should the Court dismiss Plaintiffs' sole federal claim (42 U.S.C. §1983), the entire complaint should be dismissed for lack of subject matter jurisdiction.

"Pendent jurisdiction is a doctrine of discretion, not a plaintiff's right." *United Mine Workers Ass'n v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966). A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed. 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988).

A majority of courts which have considered the question have declined to exercise pendent jurisdiction over state claims when the federal claims have been disposed of prior to a

230779.1

full trial on the merits. *Shekoyan v. Sibley International*, 366 U.S. App. D.C. 144, 409 F.3d 414 (D.C. Cir. 2005); see also, *Hector v. Weglein*, 558 F. Supp. 194, 204-205 (D. Md. 1982).[2]

Plaintiffs claims are clearly grounded in District of Columbia law. The Complaint raises claims pursuant to the District's survival and wrongful death statutes, and grounds each cause of action in medical malpractice. Should this Court dismiss Plaintiffs' lone cause of action under 42 U.S.C. §1983, the Court should also decline to entertain the Plaintiffs' pendent claims, and dismiss the Complaint in its entirety.

### C. In the Alternative, Should the Court Choose to Exercise Jurisdiction Over the State Claims, The Court Should Dismiss Plaintiffs' Count III for Negligence and Count VIII for Infliction of Emotional Distress, As They Are Duplicative of the Survival Action.

Plaintiffs initial cause of action is drafted, albeit poorly, as a survival count and seeks to recover damages for defendants' alleged medical malpractice. Count III similarly seeks to recover for defendants' alleged medical malpractice. Count VIII seeks to recover for infliction of emotional distress arising out of defendants' alleged malpractice. However, since Counts III and VIII belong solely to Mr. Medina, those causes of action expired upon his death, and accordingly, Plaintiffs do not have standing to bring those causers of action.

DC Code § 12-101; Survival of rights of action, sets forth:

---

[2] Both federal appellate and district courts have used language dismissing supplemental state claims under § 1367(c) after the original federal claims were dismissed on jurisdictional grounds. See, e.g., *Duke v. Absentee Shawnee Tribe of Okla. Housing Auth.*, 199 F.3d 1123, 1123 (10th Cir. 1999) (affirming dismissal of federal claims for lack of jurisdiction and subsequent dismissal of state claims under § 1367(c)); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1473 n.18 (11th Cir. 1997) ("Because the district court did not have subject matter jurisdiction over the federal claim, we also hold that the district court properly declined to exercise supplemental jurisdiction over this state law claim [under] 28 U.S.C. § 1367(c)(3)."); *Baggett v. First Nat'l Bank of Gainsville*, 117 F.3d 1342, 1352 (11th Cir. 1997) (same); *Logan v. Lillie*, 965 F. Supp. 695, 700 (E.D. Pa. 1997) ("In light of the fact that plaintiff's federal claims have been dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and as [plaintiff] has brought no other claims for federal relief, the Court will exercise its discretion to dismiss without prejudice [plaintiff's] pendent state law claims [under] 28 U.S.C. § 1367(c)(3).")

> On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased.

Section 12-101 gives a decedent's legal representative a right to bring a cause of action that the decedent would have had if still living. In this case, Plaintiffs base the survival action upon defendants' alleged negligence/medical malpractice. Pursuant to Section 12-101, the decedent's alleged medical malpractice claim survives in favor of his legal representative, and decedent's representative brings such a survival claim under Count I. The Complaint, however, sets forth an additional cause of action, Count III, for negligence-medical malpractice. Count III alleges negligence and wrongful acts on the part of Defendants, causing damages to decedent. The theory of liability under Count III is identical to that under Count I. Count III is clearly duplicative of the survival count and should be dismissed. There is no distinguishable theory of liability, no distinguishable damages are recoverable and there is no legal basis to bring forth a claim of medical negligence on the behalf of the decedent upon his death except pursuant to the survival statute.

For the same reasons cited above, Plaintiffs' Count VIII for infliction of emotional distress should be dismissed as duplicative of the survival count. Count VIII alleges Defendants inadequate medical treatment caused the decedent emotional distress. Any cause of action the Decedent has emotional distress is incorporated in Count I. Once again, the theory of liability under Count VIII is identical to that under Count I. Count VIII is clearly duplicative of the survival count and should be dismissed. There is no distinguishable theory of liability, no distinguishable damages are recoverable and there is no legal basis to bring forth the claim except pursuant to the survival statute.

Accordingly, Plaintiffs' Counts III and VIII should be dismissed with prejudice.

230779.1

**D.  Plaintiffs' Claim for Punitive Damages Should be Dismissed Because the Allegations, As Pled, Do Not Support the Elements That Are Necessary to Obtain Punitive Damages**

Punitive damages are justified only when a defendant commits a tortuous act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury. *Dalo v. Kivitz*, 596 A.2d. 35, 40 (D.C. 1991), quoting, *Washington Medical Center v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990). Whether punitive damages will lie depends on the intent with which the wrong was done, and not on the extent of the actual damages.

Plaintiff's Complaint alleges:

> 14. ...[plaintiff] died as a result of defendant's failure to properly monitor the medications administered to [plaintiff], negligent failure of [plaintiff's] treating psychiatrists to keep [plaintiff's] general Medical [sic] doctors appraised of his psychiatric medications, negligent failure to monitor the side effects of the medications, negligent failure to properly follow up on [plaintiff's] diagnosis of congestive heart failure...

Plaintiff's Complaint ¶ 14.

The District of Columbia Courts have said that "punitive damages are appropriately reserved only for tortuous acts which are replete with malice." *Zanville v. Garza*, 561 A.2d 1000, 1002 (D.C. 1989). Clearly, Plaintiff does not set forth any set of facts that support a finding that defendants actions were replete with malice. The Complaint alleges a set of facts grounded upon alleged negligence on the part of Defendants. If Plaintiff were able to prove each and every fact alleged in the Complaint, such a finding would not establish the basis for recovery of punitive damages in this case.

Accordingly, Plaintiff's demand for punitive damages fails as a matter of law and should be dismissed.

230779.1

## III.  CONCLUSION

For the reasons set forth herein, the defendant respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice.

>Respectfully submitted,
>
>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
>
>
>    /s/ Anastasios P. Tonorezos
>Catherine A. Hanrahan (D.C. Bar Number 441775)
>Anastasios P. Tonorezos (D.C. Bar Number 495133)
>The Colorado Building
>1341 G Street, NW, Suite 500
>Washington, D.C. 20005
>(202) 626-7660
>(202) 628-3606 fax
>**Counsel for Defendant Greater Southeast Community Hospital**

230779.1