IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY L. CLARKE, as Personal Representative ) of the Estate of MARIO MEDINA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Civil No.  06-623 (JR) |

**DEFENDANTS DISTRICT OF COLUMBIA, D.C. DEPARTMENT OF MENTAL HEALTH AND ST. ELIZABETHS HOSPITAL'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendants District of Columbia, Department of Mental Health and St. Elizabeths Hospital (the "District defendants"), by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(1) and (6) and F.R.C.P. 56, hereby move that this Honorable Court dismiss plaintiff's complaint against the District, or grant the District defendants summary judgment on all claims against it.  The District of Columbia adopts and incorporates the legal arguments raised by co-defendant Greater Southeast Community Hospital, and essentially replicates them for this Court's convenience to the extent they are applicable.  As further grounds therefor, the District defendants state:

1) The complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983, because the wrongdoing alleged in the complaint does not rise to the level of a constitutional violation;

2) All non-constitutional claims are barred under the mandatory notice requirements of D.C. Official Code § 12-309 (ed. 2001);

3) D.C. Department of Mental Health and St. Elizabeth's Hospital are *non sui juris*;

4) In the alternative, Counts III and VIII of plaintiff's complaint are duplicative and based upon the identical theory of liability and damages as Count I, and accordingly should be dismissed; and,

5) All claims for punitive damages should be dismissed.

A Memorandum of Points and Authorities in support of this Motion, along with a Statement of Undisputed Material Facts and a proposed Order, is attached hereto.

Because this is a dispositive motion, no request for plaintiff's consent is required under Local Rule 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

_____/s/_____
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6519, (202) 724-6669
FAX (202) 727-3625
**louise.phillips@cd.gov**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESLEY L. CLARKE, as Personal Representative ) of the Estate of MARIO MEDINA, ) ) Plaintiff, ) ) v. ) ) DISTRICT OF COLUMBIA, *et al*., ) ) Defendants. ) ) | Civil No.  06-623 (JR) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA, D.C. DEPARTMENT OF MENTAL HEALTH AND ST. ELIZABETHS HOSPITAL'S MOTION TO DISMISS, OR FOR SUMMARY JUDGMENT

Defendants District of Columbia, D.C. Department of Mental Health and St. Elizabeths Hospital (the "District defendants"), by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(1) and (6) and F.R.C.P. 56, hereby move that this Honorable Court dismiss plaintiff's complaint against the District, or grant the District summary judgment on all claims against it.  The complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983, because the wrongdoing alleged in the complaint does not rise to the level of a constitutional violation and plaintiff fails to allege a violation of custom and policy.   In addition, plaintiff's common law claims are barred by the mandatory notice requirements of D.C. Official Code § 12-309, and D.C. Department of Mental Health and St. Elizabeths Hospital are *non sui juris*. Punitive damages are not permissible against the District of Columbia as a matter of law.  Finally, and in the alternative, Counts III and V [sic] of plaintiff's complaint are duplicative and based upon the identical theory of liability and damages as Count I, and accordingly should be dismissed.

The District defendants join defendant Greater Southeast Community Hospital's (GSEH) request that once Plaintiff's § 1983 claims are dismissed, this Honorable Court should dismiss each count for lack of subject matter jurisdiction. The District defendants also join GSEH request for a more definite statement for all counts surviving the dispositive motions.

I.     **FACTUAL BACKGROUND**

According to the complaint, on or around March 29, 2005, decedent "became a patient at the facilities of Defendant Hospitals," specifically St. Elizabeths and Greater Southeast. Complaint ¶ 12. According to the complaint, Mario Medina died on April 6, 2005, as a result of Defendant Hospitals' breach of the duty of care it owed to him. Plaintiffs allege that the defendants failed to comply with "nationally recognized standards of care" thereby contributing to decedent's death. Complaint ¶¶ 15, 18.

Plaintiff alleges five causes of action: 1) a survival claim predicated on medical negligence; 2) a wrongful death claim predicated on medical negligence; 3) a negligence – medical malpractice claim; 4) a 42 U.S.C. § 1983 claim; and 5) an infliction of emotional distress claim. Complaint at ¶¶ 19-36.

The plaintiff seeks wrongful death and survival damages for 1) decedent's brother, individually and 2) the decedent's estate. Ralph Linus appears to be the decedent's brother. Complaint at ¶ 7.

Plaintiff submitted a written notice pursuant to D.C. Official Code § 12-309 to the Office of Risk Management and Robert J. Spagnoletti, the Attorney General for the District of Columbia. Exhibit A. Assuming this letter meets the mandatory requirements of § 12-309, all actions taken by the District

defendants earlier than six months prior to the date the letter was received are time barred. Thus any actions by the District defendants before April 5, 2005 must be dismissed.

## II. ARGUMENT

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed for failure to state a claim if it appears that plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *Fisher v. Washington Teachers' Union,* Case No.04-2059, 2004 U.S. Dist. LEXIS 25740, *8 (D.D.C. December 17, 2004). When evaluating a motion to dismiss, Courts must construe the complaint in light most favorable to the plaintiff and must accept the complaint's allegations as true.

As movants for summary judgment, a party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Garrett*, 477 U.S. 317, 325 (1986).

### B. District of Columbia Substantive Law applies to Plaintiff's State Claims

Plaintiffs asserts a single federal cause of action, 42 U.S.C. § 1983, and states four causes of action, each predicated on negligence. Jurisdiction in this matter is predicated on 28 U.S.C. § 1331 (codifying federal questions). 28 U.S.C. § 1367 provides supplemental jurisdiction over plaintiff's state claims. When exercising supplemental jurisdiction, courts apply the forum state's choice of law rules. *A.I. Trade Finance Inc. v. Petra International Banking Corporation,* 62 F.3d 1454, 1463 (D.C. Cir.1995).

### C. Plaintiff's 42 U.S.C. § 1983 Claim must be Dismissed because it Fails to State a Claim upon which Relief can be Granted.

1. <u>Plaintiff's Complaint sounds in medical malpractice, which cannot form the basis</u>

<u>for a claim pursuant to 42 U.S.C. §1983</u>.

Plaintiffs seek damages for injuries allegedly caused by the District defendants' failure to provide proper medical care which is within traditional state tort law. Plaintiff argues that in addition to violating District of Columbia law, the defendants' nonfeasance deprived plaintiff of a constitutionally protected right. However, it is settled that "negligent medical care does not give rise to constitutional claim." *Gabriel v. Corrections Corp. of America,* 211 F. Supp. 2d 132, 2002 U.S. Dist. LESIX 13761, * 9 (D.D.C. 2002).

Since the plaintiff's complaint is based on a state tort law, 42 U.S.C. §1983 cannot be used to impose liability. *Washington v. District of Columbia,* 256 U.S. App D.C. 84; 802 F.2d 1478 (D.C. Cir. 1986). "The Supreme Court has repeatedly warned § 1983 must not be used to duplicate state tort law on the federal level… § 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Id.* (quoting, *Baker v. McCollan*, 43 U.S. 137, 146, 61 L. Ed. 2d 433, 9 S. Ct. 2689 (1979)). This medical malpractice action is exactly the type of state law case the Supreme Court cautioned against.

Malpractice actions sound in negligence and cannot be brought under 42 U.S.C. §1983 because mere negligence does not rise to the level of constitutional tort. *Benjamin v. Schwartz. M.D.* 299 F. Supp. 2d 196, 200 (S.D.N.Y. 2004) (to sustain a cause of action under § 1983 in a medical malpractice case, plaintiff must show that defendant's actions constituted deliberate indifference to his medical needs). Plaintiffs take issue with how medical treatment was administered, but that does not make out a claim for deliberate indifference which is the minimum standard for deprivation of a

constitutional right. *Id.; see also*, *Jenkins v. District of Columbia,* No. 94-0995, 1996 U.S. Dist. LEXIS 10650, *6 (D.D.C. July 26, 1996) (granting defendant's motion to dismiss in a § 1983 claim); *Ross v. Kelly,* 784 F. Supp. 35, 44-45 (W.D.NY. 1992), aff'd, 970 F.2d 896 (2d Cir. 1992), cert. denied, 506 U.S. 1040 (1992); *McCloud v. Dalaney,* 677 F. Supp. 230, 232 (S.D.NY. 1988) (complaint must allege more than malpractice).

Plaintiffs believe that decedent had a cause of action for medical malpractice, and set forth those allegations, albeit without specification or clarity in a separate count under the District of Columbia's survival statute. 42 U.S.C. § 1983 does not federalize tort law. Plaintiffs cannot use a negligence action as the basis for jurisdiction in federal district court. Accordingly, Plaintiffs' 42 U.S.C. §1983 claim should be dismissed.

> 2. The complaint fails to state a claim for municipal liability under the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

Municipal liability under 42 U.S.C. 1983 is severely limited. The Supreme Court, in *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978), expressly restricted municipal liability to cases in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." In *Monell*, the Court held that a "sick leave" policy at issue was the unquestionable moving force of the constitutional violation because the policy compelled pregnant employees to take unpaid sick leave before such leave was necessary for medical reasons. *Id.* at 694-695. In *City of Oklahoma v. Tuttle*, 471 U.S. 808, 804 (1985), the Court held that there "must be an affirmative link between the policy and the particular violation alleged." Further, a single incident of unconstitutional

activity is not sufficient to impose municipal liability absent further evidence that a municipal policy dictated the violation, is not sufficient to recover damages from a municipality. *Id.*, at 823; *Taylor v. District of Columbia*, 691 A.2d 121 (D.C. 1997) (plaintiff failed to introduce evidence concerning an established procedure for constitutional violations and, therefore, § 1983 claim failed).

Further, a plaintiff cannot rely on conclusory allegations that a defendant was deliberately indifferent. *Gabriel v. Corrections Corporations Corp. of America*, 211 F.Supp. 132 (D.D.C. 2002). Dismissal is proper when the complaint contains no factual allegations that indicate that a defendant's failure to provide treatment was deliberate. *See Jenkins v. District of Columbia*, 996 U.S. Dist. LEXIS 10650, Civil Action No. 94-0995, 1996 WL 440551, at 3 (D.D.C. 1996) (holding that plaintiff's failure to adequately allege deliberate indifference on the part of the defendant is one of several failures that warrants the dismissal of plaintiff's complaint).

In the instant case, plaintiff fails to allege any facts which indicate that the District defendants were deliberatively indifferent to the decedent. The Complaint also failed to differentiate between the alleged acts of the different defendants. Therefore, plaintiff's claims made pursuant to 42. U.S.C. § 1983 fail to state can actionable claim against the District defendants and should be dismissed.

### D. Plaintiffs' Claims under District of Columbia Law are Pendent Claims and Should be Dismissed upon Dismissal of Plaintiff's' Federal Claim.

Plaintiffs' non-federal claims against the individual defendants are before this court as pendent claims. Should the Court dismiss Plaintiffs' sole federal claim (42 U.S.C. § 1983), the entire complaint should be dismissed for lack of subject matter jurisdiction.

"Pendent jurisdiction is a doctrine of discretion, not a plaintiff's right." *United Mine Workers Ass'n v. Gibbs,* 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1996). A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed. 28 U.S.C. § 1367 (c)(3). "In the unusual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 N.7, 98 L. Ed. 2d 720. 108 S. Ct. 614 (1988).

A majority of courts have considered the question and have declined to exercise pendent jurisdiction over claims when the federal claims have been disposed of prior to a full trial on the merits. *Sehkoyan v. Sibley International,* 366 U.S. App. D.C. 144, 409 F.3d 414 (D.C. Cir. 2005); *see also*, *Hector v. Weglein,* 558 F. Supp. 194, 204-205 (D. Md. 1982).

Here, Plaintiffs' claims are clearly grounded in District of Columbia law. The Complaint raises claims pursuant to the District's survival and wrongful death statutes, and grounds each cause of action in medical malpractice. Should this Court dismiss plaintiff's single allegation made pursuant to 42 U.S.C. §1983, the Court should also decline to entertain the Plaintiff's pendent claims, and dismiss the

Complaint in its entirety.

### E. All Non-constitutional Claims are Barred Under the Mandatory Notice Requirements of D.C. Official Code § 12-309

Counts I, II, III [sic], and V [sic] of plaintiff's Complaint contain allegations pursuant to the common law. To the extent that any of the allegations occurred prior to April 5, 2005, they are barred for failure to comply with the mandatory requirements of D.C. Official Code § 12-309.

The statute provides that a claimant must send statutory notice to the Mayor within six months of the date when an injury has been sustained. The statute reads as follows:

> An action may not be maintained against the District of Columbia for unliquidated damages ... unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

It is clear from the statute that it is mandatory for a claimant to send the Mayor written notice of his/her intent to sue the District within six months of the date of the injury or incident and prior to filing suit. D.C. Official Code § 12-309 is in derogation of the common law and must be strictly construed. *See Pitts v. District of Columbia*, 400 A.2d 803, 809 (D.C. 1978); *Breen v. District of Columbia*, 400 A.2d 1058, 1062 (D.C. 1979). This is so even where a "harsh result" may occur. *See Powell v. District of Columbia*, 645 F. Supp. 66, 69 (D.D.C. 1986).

The law specifically requires that the District be provided the Plaintiff's identity, and the date, time, cause and circumstances of his/her injuries in a manner that alerts the District of potential liability in order to comply with D.C. Official Code § 12-309. In the case at bar, plaintiff sent a letter dated

September 29, 2005, which was received by the Office of Risk Management on October 5, 2005. See Letter attached as Exhibit 1. Consequently, all claims dating prior to April 5, 2005 are time barred. Accordingly, the plaintiff's local law claims should be dismissed as against the District defendants.

**F.    Department of Mental Health and St. Elizabeths are *Non Sui Juris***

Plaintiff filed the instant action naming the D.C. Department of Mental Health and St. Elizabeths Hospital as a party defendants. It has been held in this jurisdiction that agencies and departments within the District of Columbia government are not suable as separate entities. A noncorporate department or other body within a municipal corporation is *non sui juris. Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216 (D.C. 1978) (citations omitted); *see also Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997), *citing Roberson v. District of Columbia Bd. Of Higher Ed.*, 359 A.2d 28, 31 n. 4 (D.C. 1976), *and Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974). *See Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (Board of Higher Education not a suable entity) (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable); *Ray v. District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not sui juris entities). Accordingly, the complaint should be dismissed as against these defendants.

**G.    In the Alternative, Should the Court Choose to Exercise Jurisdiction Over the State Claims, the Court Should Dismiss Plaintiff's Negligence and Negligent and Intentional Infliction of Emotional Distress Claims as They are Duplicative of the Survival Action.**

Plaintiffs' initial cause of action is drafted as a survival count and seeks to recover damages for

defendant's alleged medical malpractice. Count V [sic] similarly seeks to recover for infliction of emotional distress arising out of defendant's alleged malpractice. Since these counts belong solely to Mr. Medina, those causes of action expired upon his death and plaintiff lacks standing to bring those causes of action.

    D. C. Code § 12-101 grants a legal representative of decedent a right to bring a cause of action the decedent would have had if still living. Plaintiffs base the survival action upon defendant's alleged malpractice. Pursuant to §12-101, the decedent's alleged medical malpractice claim survives in favor of his legal representative, and decedent's representative brings such a survival claim under Count I. The Complaint, however, sets forth an additional cause of action, Count III, for "negligence - medical malpractice". Count III alleges negligence and wrongful death against the District defendants, causing damages to decedent. The theory of liability under Count III is identical to that under Count I. Count III is duplicative of the survival count and should be dismissed.

    For the same reason cited above, Plaintiffs' Count V [sic] for infliction of emotional distress should be dismissed as duplicative of the survival count. Count V [sic] alleges Defendants inadequate medical treatment caused the decedent emotional distress. Any cause of action the decedent has emotional distress is incorporated in Count I. Once again, the theory of liability under Count V [sic] is identical to that under Count I. Count V [sic] is clearly duplicative of the survival count and should be dismissed. There is no distinguishable theory of liability, no distinguishable damages are recoverable and there is no legal basis to bring forth the claim except pursuant to the survival statute.

    Accordingly, Plaintiffs' Count III and Count V [sic] should be dismissed.

### H.  Punitive Damages May Not Be Awarded Against the District of Columbia as a Matter of Law.

Plaintiff ostensibly seeks punitive damages against the District defendants under both §1983 and common law.  The Supreme Court has established indisputably that municipalities cannot be subjected to awards of punitive damages under 42 U.S.C. § 1983. *Fact Concerts v. City of Newport*, 453 U.S. 247, 271 (1981); *Dascalea v. District of Columbia*, 227 F.3d 433, 446 (D.C. Cir. 2000).

Nor may punitive damages be awarded against the District based on any other claim under local law.  *Finkelstein v. District of Columbia*, 593 A.2d 591, 599 (D.C. 1991) ("punitive damages may not be awarded against the District of Columbia") (citing *Smith, supra*, at 832).  Both the U.S. Supreme Court and the District's courts have determined that, absent an express statutory mandate, punitive damages are not recoverable against municipalities such as the District.

The D.C. Circuit has taken care to explain that the "extraordinary circumstances" requirement, *dictum* of *Smith*, *supra*, is based on sound public policy rationale:

> In reaching its result, the *Smith* court did note that the deterrent rationale of punitive damages poses two problems when such an award is sought against a municipality.  First, a judgment that will in practice be paid by the city might not deter individual employees from repeating the tortious conduct.  Second, the need for punitive damages will normally be reduced by the fact that disciplinary measures would be taken against the offending employee.  The *Smith* court, however, also noted that such awards would pose two additional problems unique to governmental bodies and not directly related to the deterrent purpose of punitive damages.  First, the public that would benefit from the deterrence to be achieved by punitive damages would also be forced to pay the award through its taxes.  Second, the "unlimited" taxing power of the city would confound the jury in its assessment of an appropriate punitive damages award.  These considerations indicate that the District of Columbia Court of Appeals, when it left open the possibility of a punitive damages recovery against the district in "extraordinary circumstances," intended that something more be shown than that the "deterrent rationale" of punitive damages would be satisfied.  Even assuming arguendo that the conduct of the parole officers in the present case might show such flagrant disregard of the rights of others as to justify an award of punitive damages against them as individuals, we doubt that the

> conduct is sufficiently "extraordinary" as to justify an award against the District under *Smith*.

*Reiser v. District of Columbia*, 563 F.2d 462, 481 (1977) (citations throughout quoted text omitted), *modified on other grounds*, 580 F.2d 647 (1978); see also, *Jemison v. National Baptist Convention*, 720 A. 2d 275, 285 n. 9 (D.C. 1998); *Daka, Inc. v. Breiner*, 711 A.2d 86, 98 (D.C. 1998)(defendant's mental state must have included "'evil motive or actual malice'"); *Robinson v. Sarisky*, 535 A.2d 901, 906 (D.C. 1988)(punitive damages are limited to intentional torts or acts aggravated by evil motive, actual malice, deliberate violence or oppression, outrageous conduct or the willful disregard for the rights of others); *Nepera Chemical, Inc. v. Sea-Land Service*, 253 U.S. App. D.C. 394, 794 F.2d 688, 698 & nn. 74-75 (1986)(gross negligence is insufficient; conduct must have been willful and outrageous).

Even assuming *arguendo* that punitive damages were recoverable against the District and the individual defendants, no such award is justified by the facts of this case. *See*, *e.g*., *Reiser* at 481-82; *Finkelstein*. Rather, *Finkelstein* demonstrates that the D.C. Court of Appeals deems the "extraordinary circumstances" requirement to present a very high, if even attainable, threshold. In *Finkelstein* the personal representative of a pretrial detainee who died in the D.C. jail sued the District under the Wrongful Death Act and the Survival Act. *Id.* There decedent Harry Barman was a 43-year-old man with a history of schizophrenia. He was assigned to clean showers within the jail with other inmates, even though he had not been cleared for work detail, because he had refused to take his medication. *Id*. at 592. The shower area was closely monitored. At approximately 10:30 a.m. on January 28, 1995, a physician's assistant saw three inmates engaged in sexual activity with Barman in

the showers. She observed that the activity was still occurring, uninterrupted by jail personnel, when she returned from her rounds 15 - 20 minutes later. *Id.* A pair of inmates subsequently sprayed Barman in the face with a shower cleaning compound. Barman returned to his cell between 3:00 and 3:30 p.m.

Barman was observed naked, slumped over his bed in his 65 - degree - temperature cell by a correctional officer at 3:45 p.m., at 4:05 p.m.; 4:15 p.m. and 6:05 p.m. A DCDC Sergeant had also observed Barman in his cell four times between 3:45 and 6:05 p.m. Although both personnel noticed that Barman had not changed position over that time span, neither had taken any action. Barman's cellmate finally reported him dead shortly after 6:00 p.m. *Id.* A physician's assistant then reported to the cell. As the Court of Appeals wrote:

> As she approached Barman's cell, she noticed a strong odor of vomitus and excrement. Barman was naked and slumped partly on the floor of the cell and partly on his bunk. There was obvious venous pooling in his legs, and his pupils were fixed, dilated, and hazed over. He had abrasions over his eye and on his lip as well as contusions. Certified in advanced life support and surgery, [the physician's assistant] immediately determined that Barman was beyond resuscitation; in her opinion he had been dead "a very long time." She observed that he had vomitus around his mouth, fecal matter and vomitus on his legs, and fecal matter around the rectal area. The floor around him was streaked with fecal matter and vomitus, as though he had been "[dragged] to the bed with excrement on the floor."

at 393 A.2d 593.

Evidence was adduced that DCDC personnel had failed to meet the applicable standard of care by failing to check on Barman more frequently than every 30 minutes and by failing to intervene appropriately, and that the reported sexual activity—sodomy—had been involuntary and injurious to the decedent. *Id.* at 594. Plaintiff's medical expert testified that Barman's death was caused by an acute attack of bronchospasm or asthma, which could have been triggered by a sexual attack and/or assault

15

with the cleanser. *Id.* at 593. He also testified that Barman's asthma attack would have lasted at least two to three hours, accompanied by gasping or wheezing, and that the decedent had ""'suffer[ed] considerable distress prior to his death.'"" *Id*. However, had there been medical intervention, even such a severe asthma attack could have been reversed. *Id.*

The jury at trial returned verdicts against the District of negligence under the Wrongful Death Act and negligent infliction of emotional distress under the Survival Act. *Id.* at 594. They awarded plaintiff $1,000.000 on the emotional distress claim under the Wrongful Death Act. *Id.*

Trial Judge Gladys Kessler granted a new trial on the grounds that the verdict for pain and suffering was excessive, noting:

> "[T]he picture of conditions at the D.C. Jail presented to the jury was a deeply distressing . . . one" that caused "palpable" shock and disgust in the jury "as it heard testimony about frequent masturbation, nudity, sodomy, failure to clean up human wastes, and other bizarre behavior." Given "the squalid conditions described to the jury ," the judge found, the award of nearly $1 million, though avowedly for pain and suffering, was intended "to "send a message,"" and a punitive message at that, telling *the District of Columbia government that its citizens would not tolerate maintenance of such abominable conditions for its citizens, even those charged with violations of the criminal law."

*Id.* at 593, 594-95.

The Court of Appeals upheld Judge Kessler's decision to grant a new trial, finding that the evidence did not support such a compensatory award of such magnitude and holding, *inter alia*, that even in the face of such evidence, that punitive damages could not be awarded against the District. *Id.* at 598.

In light of the foregoing, plaintiff's claim for punitive damages must be dismissed.

**III. CONCLUSION**

For the reasons set forth herein, the District defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice. In the alternative, this Court should grant summary judgment to the District defendants and dismiss plaintiff's Complaint.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II


_____/s/_____
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6519, (main)(202) 724-6669
FAX (202) 727-3625
**louise.phillips@cd.gov**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WESLEY L. CLARKE, as Personal Representative )
of the Estate of MARIO MEDINA, )
)
       Plaintiff, )
) Civil No. 06-623 (JR)
v. )
)
DISTRICT OF COLUMBIA, *et al*. )
)
       Defendants. )
_____)

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff sent a letter purporting to comply with the mandatory requirements of D.C. Official Code § 12-309 (ed. 2001) dated September 29, 2005. *See* Exhibit 1.

2. Exhibit 1 is stamped received on October 5, 2005. *Id*.

3. Plaintiff's decedent died on April 5, 2005. Complaint ¶ 18.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        _____/s/_____
                                        NICOLE L. LYNCH [471953]
                                        Section Chief
                                        General Litigation § II

                                        _____/s/_____
                                        E. LOUISE R. PHILLIPS [422074]
                                        Assistant Attorney General

441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESLEY L. CLARKE, as Personal Representative of the Estate of MARIO MEDINA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.* )<br>)<br>Defendants. )<br>_____) | Civil No. 06-623 (JR) |

**O R D E R**

**Upon consideration** of the District of Columbia, D.C. Department of Mental Health and St. Elizabeths' Motion to Dismiss, or for Summary Judgment, any opposition thereto, and the facts and law considered, it is hereby

**ORDERED**: The defendants' Motion to Dismiss is **GRANTED**;

**FURTHER ORDERED;** The plaintiff's complaint against the District of Columbia, D.C. Department of Mental Health and St. Elizabeths' are **DISMISSED** with prejudice; and

_____
The Honorable Judge James Robertson
United States District Court for the District of Columbia