IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WESLEY L. CLARKE, as Personal Representative of the Estate of MARIO MEDINA 8622 Far Fields Way Laurel, MD 20723, | ) ) ) ) ) ) | |
| and | ) ) | Case No: C.A. No. 06-623 (JR) |
| Ralph Linus 8128 West Summerdale Avenue Norwood Park, Ill. 60656 | ) ) ) ) ) ) ) ) | |
| Plaintiffs, vs. | ) ) ) | |
| THE DISTRICT OF COLUMBIA, *et al.* | ) ) | |
| Defendants. | ) | |

**Plaintiffs Answer to Defendant Greater Southeast Community Hospital's Motion To Dismiss Plaintiff's Complaint**

**JURISDICTION UNDER 42 U.S.C § 1983**

This claim alleges the Defendants were deliberately wantonly and recklessly indifferent to the plaintiffs needs as established by his history of complaints, the complaints and oversight of administrative and legal entities, and the defendants' failure to ameliorate the conditions despite said complaints.  These actions were taken under the color of state law

1.  This court has jurisdiction over the subject matter of the above captioned action pursuant to 42 U.S.C. § 1983[1]. Defendant Greater Southeast Community Hospital's (Hereafter "the Defendant") motion for dismissal concedes that a claim can arise under 42 U.S.C. § 1983, where the defendants' demonstrated indifference to the plaintiffs medical needs arises to the level of negligence. See, *Baker v. McCollan*, 443 U.S. 137, 146, 61 L. Ed 2d 433, 99S.Ct. 2689 (1979). (*Baker* was referenced in page 4 of Defendant's motion to Dismiss)

While in the care of Saint Elizabeth Hospital (Hereafter "the Hospital") Mr. Medina had repeatedly complained of treatment which was harsh and indifferent to his needs. See, attached letter to Mr. Medina's brother, Ralph Linus, dated January 4, 1977 (the" letter") [2]. This letter provides evidence that Mr. Medina had been consistently treated harshly and indifferently and was deprived of his constitutional rights[3].

2.  According to the letter from Mr. Medina, the practices and procedures which led to his death had been in effect for years, if not decades. The length of time these practices existed and their frequency establishes that they were not a mere random occurrence, but rather a consistent institutional procedure. At this stage, the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[2] The letter includes a litany of complaints, including one where notably, Mr. Medina complains of being locked up and forced to take medicines despite his refusal. Such forcible medication of mental patients has been found to be a violation of the constitution.

[3] It should be noted that as discussed further *infra*, the hospitals practice and procedures had been repeatedly cited as failing the standards of administrative review bodies, court and governmental oversight. Despite this, over the

claims of negligence and indifference as alleged in the present action, and by Mr. Medina should be construed in the light most favorable to the plaintiff and the plaintiffs allegations should be accepted as true. See, *Fisher v. Washington Teacher's Union*, Case No. 04-2059, 2004 U.S. Dist. LEXIS 25740.

    3.  In the waning hours of Mr. Medina's life, he was again treated harshly and indifferently as he was shuttled back and forth between the defendants' facility and the hospital without adequate evaluation or review of his medical and psychiatric needs.  At that time, the medical and psychiatric staff did nothing to ensure that the risk factors for congestive heart failure were eliminated or reduced.  Additionally, the treatment team prescribed an excessive amount of psychotropic medications. These actions constitute deliberate indifference. See, *Steel v. Shah*, 87 F.3d 1266 (11th Cir. 1996)[4].

    4.  Unfortunately, Mr. Medina's treatment at the hands of the defendants' agents and the hospital were par for the course in their facilities.  This fact has been noted by the United States Department of Justice which has cited the Hospital for lax supervision, violence and substandard care. Further, as a consequence of its inadequate care, the Hospital has been investigated by the federal Medicare program, and the Hospital had operated under court mandated supervision between 1997 and 2001.  See, attached Washington Post article, dated June 14, 2006, which refers to the heinous conditions at the hospital[5].

---

course of the past decade the hospital has failed to improve.  Such negligence is wanton reckless and malicious.
4 In *Steel*, a Prisoner diagnosed as a potential suicide risk by medical personnel and prescribed psychotropic drugs stated a claim for deliberate indifference to serious medical needs by asserting that psychiatrist at facility he was transferred to discontinued his medication without evaluating him or reviewing medical records
5 The conditions at St. Elizabeth has been recognized as being abominable for some time,  and the hospital is now the subject of a federal civil rights investigation.,

## Plaintiffs' claims under District of Columbia Law should properly accompany Plaintiffs Federal Claim

5. Plaintiff's case pursuant to 42 U.S.C. § 1983 is viable and likewise the pendant claims are viable as well.

## Plaintiffs Counts for Negligence and infliction of emotional distress have separate elements of proof and are not duplicative of the survival action

6. Plaintiffs Counts III and VIII are survival rights of action. Pursuant to DC Code § 12-101, such actions inure to his estate. Each action has separate elements of proof. Consequently, these actions survive and are viable.

## Plaintiffs Claim for Punitive Damages are properly plead, as the plaintiff died due to a reckless wanton disregard of his life as well as others in the defendants facilities

7. Punitive damages are appropriate in this action. As evidenced by the investigations by the United States Department of Justice, The Hospitals failure to correct its deficiency despite administrative and judicial complaints and oversight, and Mr. Medina's own long standing history of complaints against the institution, the defendants were reckless malicious and wanton when it came to Mr. Medina's life and

the life of others in the institution.

    WHEREFORE, the plaintiff moves the Court to deny Defendant's motion for Dismissal.


Date: July 19, 2006                        Respectfully Submitted,


                                        /s/
                              Wesley L. Clarke,
                              BAR ID-474594
                              The Law Offices of Wesley L. Clarke
                              8622 Far Fields Way
                              Laurel, MD. 20723
                              202-257-9730
                              Attorney for the Plaintiffs


**IN THE UNITED STATES DISTRICT COURT FOR**

## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY L. CLARKE, as Personal )<br>Representative of the Estate of )<br>MARIO MEDINA )<br>8622 Far Fields Way )<br>Laurel, MD  20723, )<br>)<br>and )<br>)<br>Ralph Linus )<br>8128 West Summerdale Avenue )<br>Norwood Park, Ill. 60656 )<br>)<br>)<br>)<br>)<br>            Plaintiffs, )<br>    vs. )<br>)<br>THE DISTRICT OF COLUMBIA, )<br>)<br>*et al.* )<br>            Defendants. ) | Case No: C.A. No. 06-623 (JR) |

**Memorandum of Points and Authorities in Support of the Plaintiffs' answer to Defendant Greater Southeast Community  Hospital's Motion to Dismiss**

1. Federal Court Rules of Civil Procedure Rules 6(b)

2. The entire record herein.

3. Lack of prejudice and judicial economy

Date: July 19, 2006                    Respectfully Submitted,

/s/_____
Wesley L. Clarke,
BAR ID-474594
The Law Offices of Wesley L. Clarke
8622 Far Fields Way
Laurel, MD. 20723
202-257-9730
Attorney for the Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY L. CLARKE, as Personal ) <br> Representative of the Estate of ) <br> MARIO MEDINA ) <br> 8622 Far Fields Way ) <br> Laurel, MD  20723, ) <br>  ) <br> and ) <br>  ) <br> Ralph Linus ) <br> 8128 West Summerdale Avenue ) <br> Norwood Park, Ill. 60656 ) <br>  ) <br>  ) <br>  ) <br>  ) <br>               Plaintiffs, ) <br>    vs. ) <br>  ) <br> THE DISTRICT OF COLUMBIA, ) <br>  ) <br> *et al.* <br>               Defendants. ) | Case No: C.A. No. 06-623 (JR) |

## **ORDER**

Upon consideration of the Plaintiff's answer to the motion for dismissal, the attached Memorandum of Points and Authorities and the entire record, it is this

\_\_\_\_\_ day of July 2006.

ORDERED, that the Defendant Greater Southeast Community Hospital's motion to Dismiss is hereby denied

---

Judge James Robertson
United States District Court for the
District of Columbia

Cc:

Wesley L. Clarke

8622 Far Fields Way

Laurel, MD. 20723


Catherine Hanrahan

c/o Wilson, Elser

1341 G street N.W.

Washington, D.C. 20005