**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESLEY CLARKE, as<br>Personal Representative<br>of the Estate of MARIO MEDINA<br><br>and<br><br>RALPH LINUS,<br>        Plaintiffs,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA<br><br>and<br><br>SAINT ELIZABETH HOSPITAL<br><br>and<br><br>D.C. DEPARTMENT OF<br>MENTAL HEALTH<br><br>and<br><br>GREATER SOUTHEAST COMMUNITY<br>HOSPITAL<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Case No. 1:06CV00623<br>:<br>:   The Hon. James Robertson<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**REPLY TO THE OPPOSITION OF PLAINTIFFS TO DEFENDANT**
**GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW defendant Greater Southeast Community Hospital Corporation I ("Greater Southeast"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and submits this Reply in support of its Motion to Dismiss.

Plaintiffs' Complaint is fundamentally flawed and should be dismissed in its entirety. In their Opposition, Plaintiffs argue that the 42 U.S.C. §1983 claim is viable against this Defendant, however plaintiffs solely cite to the alleged actions of co-defendant St. Elizabeth Hospital ("St.

237667.1

Elizabeth"). In so doing, Plaintiffs do not in any way cure their failure to properly plead a claim under 42 U.S.C. §1983 against Greater Southeast. Plaintiff's failure to provide any support for their claims against Greater Southeast bolsters the argument for its dismissal from this action.

Plaintiff's claim is not properly pled and cannot be predicated on a state tort law theory. Therefore, it should be dismissed. Since Plaintiffs' additional claims are before this Court as pendent claims, if Plaintiffs' 42 U.S.C. §1983 claim is dismissed, the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction.

In the alternative, should this Court choose to exercise jurisdiction over Plaintiffs' additional claims, Plaintiffs do not have any standing to sue under Counts III and VIII, and accordingly those counts should be dismissed on the alternative grounds discussed in Greater Southeast's Motion to Dismiss and further discussed below[1]. In addition, all claims for punitive damages should be dismissed.

## ARGUMENT

### A.  Plaintiffs' 42 U.S.C. § 1983 Claim Fails Because it is not Properly Pled

1.  Plaintiffs' Complaint sounds in medical malpractice, which cannot form the basis for a claim pursuant to 42 U.S.C. §1983

Plaintiffs seek damages for injuries allegedly caused by the Defendants' failure to provide proper medical care, although the Complaint is void of any specifics as to this defendant's alleged services. Such a suit falls squarely within traditional state tort law. Although the Plaintiffs' Opposition now attempts to reinforce the state tort claims with evidence that co-defendant St. Elizabeth was allegedly harsh and indifferent in its treatment of the decedent, those allegations have no bearing on the claims set forth against Greater Southeast and

---

[1] As discussed in the Motion to Dismiss, it is Greater Southeast's position that once Plaintiffs' 1983 claims are dismissed, this Honorable Court should dismiss each count for lack of subject matter jurisdiction. In the event Counts I and II of Plaintiff's Complaint (survival and wrongful death) survive the Motion to Dismiss, Greater Southeast will file a motion for a more definite statement.

do not cure the Plaintiffs' failure to properly plead against Greater Southeast. The defendants are separate and distinct entities and have no relation to one another.

Plaintiff's Opposition attaches a letter, allegedly written in 1977, almost thirty years ago. Although the letter is somewhat difficult to follow, at times it appears to set forth claims that St. Elizabeth was not treating the decedent properly. Even if the letter sets forth facts that could support a claim under 42 U.S.C. §1983 (an issue this defendant unequivocally denies), there is no mention of Greater Southeast, a hospital where he would eventually receive treatment almost thirty years later.

The Opposition also attaches an article that appears to have been published online at the Washington Post website. The article reports on an investigation involving St. Elizabeth. Even if this Court were to accept the report as true, once again there is no mention of Greater Southeast. Though devoid of any support for a claim against Defendant Greater Southeast, Plaintiff's Opposition seems to combine its argument against this Defendant with allegations against St. Elizabeth, and argues that the Defendants' nonfeasance deprived decedent of a constitutionally protected right. Plaintiffs' argument and the exhibits offer no support for any claim against Greater Southeast.

Plaintiffs allege claims of medical malpractice against Greater Southeast. However, it is settled that "negligent medical care does not give rise to a constitutional claim." *Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132, 2002 U.S. Dist. Lexis 13761 (D.D.C. 2002). Such a claim must be approached with "extreme caution." *Washington v. District of Columbia*, 256 U.S. App. D.C. 84; 802 F.2d 1478 (D.C. Cir. 1986). "The Supreme Court has repeatedly warned that section 1983 must not be used to duplicate state tort law on the federal level… Section 1983 imposes liability for violations of rights protected by the Constitution, not for

violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Id*. quoting, *Baker v. McCollan*, 443 U.S. 137, 146, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979).[2]  This medical malpractice based action is exactly the type of state law case the Supreme Court cautioned against.

Malpractice actions cannot be brought under Section 1983, because they sound in negligence, and mere negligence does not rise to the level of a constitutional tort. *Benjamin v. Schwartz, M.D.*, 299 F.Supp.2d 196, 200, 2004 U.S. Dist. Lexis 778 (S.D.N.Y. 2004).  [to sustain a cause of action under §1983 in a medical malpractice case, plaintiff must show that defendant's actions constituted deliberate indifference to his medical needs].  In the case at bar, Plaintiff obviously disagrees with how medical treatment was administered, but that does not make out a claim for deliberate indifference to his medical needs, which is the minimum standard for deprivation of a constitutional right. *Id.;* see also, *Jenkins v. District of Columbia*, No. 94-0995, 1996 U.S. Dist. LEXIS 10650, *6 (D.D.C. July 26, 1996) (granting defendants' motion to dismiss in a § 1983 claim); *Ross v. Kelly*, 784 F. Supp. 35, 44-45 (W.D.N.Y. 1992), aff'd, 970 F.2d 896 (2d Cir. 1992), cert. denied, 506 U.S. 1040 (1992). See also, *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (complaint must allege more than malpractice).

Plaintiff cannot use a negligence action as the basis for jurisdiction in federal district court, and Plaintiffs' Opposition does not address this defect Accordingly, Plaintiffs' 42 U.S.C. §1983 claim should be dismissed.

---

[2] Plaintiffs' adherence to the Baker case is misplaced since this case involves claims of medical malpractice, an action the Baker Court makes clear should be brought in state court under traditional tort-law principles.

    2.    <u>Plaintiffs' 42 U.S.C. § 1983 claim is not properly pled because it does not properly allege that Greater Southeast was acting under color of state law, that the actions were taken pursuant to an official policy, or that Greater Southeast was a State Actor, and therefore, Plaintiffs' claim should be dismissed</u>

42 U.S.C. §1983 creates liability against any person who violates the Constitution while acting under the color of law. 42 U.S.C. §1983 (2005). A *prima facie* case under §1983 requires a showing of at least: (1) conduct committed by a person acting under color of law; (2) conduct that deprives a person of rights, privileges, or immunities secured by the Constitution; and (3) that the conduct derived from an established governmental procedure or custom. <u>Jenkins v. District of Columbia</u>, No. 94-0995, 1996 U.S. Dist. LEXIS 10650, *6 (D.D.C. July 26, 1996) (granting defendants' motion to dismiss in a §1983 claim). *See also,* 42 U.S.C. §1983 (2005); <u>Taylor v. District of Columbia</u>, 691 A.2d 121, 125 (D.C. 1997) (plaintiff failed to introduce evidence concerning an established procedure for constitutional violations and, therefore, §1983 claim failed).

Plaintiffs' Opposition does not address this issue. Accordingly, the Court is referred to the arguments in the Motion to Dismiss §A(2), that Plaintiffs' claim under 42 U.S.C. §1983 fails as a matter of law and should be dismissed.

    B.    **Plaintiffs' Claims Under District of Columbia Law are Pendent Claims and Should be Dismissed Upon Dismissal of Plaintiffs' Federal Claim**

Plaintiffs' non-federal claims against the individual defendants are before this court as pendent claims. Should the Court dismiss Plaintiffs' sole federal claim (42 U.S.C. §1983), the entire complaint should be dismissed for lack of subject matter jurisdiction. The Complaint raises claims pursuant to the District's survival and wrongful death statutes, and grounds each cause of action in medical malpractice. Plaintiffs' opposition does not argue against the legal authority cited in the Motion to Dismiss, but simply sets forth that if the federal claim is viable, so are the

pendent claims.

Should this Court dismiss Plaintiffs' lone cause of action under 42 U.S.C. §1983, the Court should also decline to entertain the Plaintiffs' pendent claims, and dismiss the Complaint in its entirety.

    **C.**    **In the Alternative, Should the Court Choose to Exercise Jurisdiction Over Plaintiffs' Non-Federal Claims, The Court Should Dismiss Plaintiffs' Count III for Negligence and Count VIII for Infliction of Emotional Distress, As Plaintiffs Do Not Have Standing to Sue Under Those Counts and those Counts are Duplicative of Count I.**

Plaintiffs' initial cause of action is drafted as a survival count and seeks to recover damages for defendants' alleged medical malpractice. Count III seeks to recover for defendants' alleged medical malpractice. Count VIII seeks to recover for infliction of emotional distress arising out of defendants' alleged malpractice. However, since Counts III and VIII belong solely to Mr. Medina, those causes of action expired upon his death, and accordingly, Plaintiffs do not have standing to bring those causes of action.

Plaintiffs' Opposition states that that Counts III and VIII are survival rights of action. In that case the theory of liability under Count III is identical to that under Count I. Count III is clearly duplicative of the survival count and should be dismissed. There is no distinguishable theory of liability and no distinguishable damages are recoverable.

For the same reasons, Plaintiffs' Count VIII for infliction of emotional distress should be dismissed as duplicative of Count I. Count VIII alleges Defendants inadequate medical treatment caused the decedent emotional distress. Any cause of action the Decedent has for infliction of emotional distress is incorporated in Count I. Once again, the theory of liability under Count VIII is identical to that under Count I. Count VIII is clearly duplicative of the survival count and should be dismissed. There is no distinguishable theory of liability and no distinguishable damages are recoverable.

Accordingly, Plaintiffs' Counts III and VIII should be dismissed with prejudice.

### D.  Plaintiffs' Claim for Punitive Damages Should be Dismissed Because the Allegations, As Pled, Do Not Support the Elements That Are Necessary to Obtain Punitive Damages

Punitive damages are justified only when a defendant commits a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury.  Dalo v. Kivitz, 596 A.2d 35, 40 (D.C. 1991), quoting, Washington Medical Center v. Holle, 573 A.2d 1269, 1284 (D.C. 1990). Whether punitive damages will lie depends on the intent with which the wrong was done, and not on the extent of the actual damages.

Plaintiff's Complaint alleges:

> 14. …[plaintiff] died as a result of defendant's failure to properly monitor the medications administered to [plaintiff], negligent failure of [plaintiff's] treating psychiatrists to keep [plaintiff's] general Medical [sic] doctors appraised of his psychiatric medications, negligent failure to monitor the side effects of the medications, negligent failure to properly follow up on [plaintiff's] diagnosis of congestive heart failure…

Plaintiff's Complaint ¶ 14.

The District of Columbia Courts have said that "punitive damages are appropriately reserved only for tortious acts which are replete with malice." Zanville v. Garza, 561 A.2d 1000, 1002 (D.C. 1989).

In support of the punitive damages claim, Plaintiffs' Opposition once again cites to the alleged conduct of St. Elizabeth.  Paragraph 7 of the Opposition states "The Hospitals[3] failure to correct its deficiency despite administrative and judicial complaints and oversight, and Mr. Medina's own longstanding history of complaints against the institution…" See Plaintiffs' Opposition at ¶7.  First, Plaintiffs do not cure their pleading requirements.  Second, and of greater significance, Plaintiffs' once again use purported complaints relating to co-defendant St.

---

[3] The term Hospital having been earlier defined as "Saint Elizabeth Hospital". See Plaintiffs' Opposition ¶ 1.

237667.1

Elizabeth as a basis for punitive damages against Greater Southeast.

Plaintiff does not set forth any set of facts that support a finding that Greater Southeast's actions were replete with malice. The Complaint although allege to a set of facts grounded upon alleged malpractice and negligence. If Plaintiff were able to prove each and every fact alleged in the Complaint, such a finding would not establish the basis for recovery of punitive damages in this case.

Accordingly, should this Court entertain any of Plaintiffs' claims for damages, Plaintiff's demand for punitive damages fails as a matter of law and should be dismissed.

### III. CONCLUSION

For the reasons set forth herein, the defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP


    /s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
(202) 626-7660
(202) 628-3606 fax
**Counsel for Defendant Greater Southeast Community Hospital**

237667.1