IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY L. CLARKE, as Personal Representative )
of the Estate of MARIO MEDINA, )
 )
      Plaintiff, )
 ) Civil No.  06-623 (JR)
v. )
 )
DISTRICT OF COLUMBIA, *et al.*, )
 )
      Defendants. )
_____ )

### DEFENDANTS DISTRICT OF COLUMBIA, D.C. DEPARTMENT OF MENTAL HEALTH AND ST. ELIZABETHS HOSPITAL'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR  MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendants District of Columbia, D.C. Department of Mental Health and St. Elizabeths Hospital (the "District defendants"), by and through undersigned counsel, reply to plaintiff's opposition to their motion to dismiss, or in the alternative, summary judgment, as follows:

**I.  Plaintiff's complaint fails to establish a constitutional violation.**

Plaintiff argued in his opposition that a letter written by Mario Medina on January 4, 1977, established that Mr. Medina "had been consistently treated harshly and indifferently and deprived of his constitutional rights." Opposition, p. 2; Exhibit 1 to Opposition.  Any allegations of misconduct outlined in a January 4, 1977 letter for care in 1977 would have long since exceeded the relevant statute of limitations.[1]

Further, the plaintiff argues that a newspaper article from the Washington Post dated June 14,

---

[1] *Wilson v. Garcia*, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *Spiegler v. District of Columbia*, 275 U.S. App. D.C. 260, 866 F.2d 461, 463-64 (D.C. Cir. 1989).

2006, establishes custom policy and practice of "heinous conditions at St. Elizabeths." Opposition, p. 3. Newspaper articles cannot be used to establish a basis for liability under any legal theory. *In re Baan Co. Sec. Litig.,* 2002 U.S. Dist. LEXIS 10474 *citing Lares v. Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991); *Wright v. Montgomery County*, 2002 U.S. Dist. LEXIS 9442, 2002 WL 1060528 (E.D. Pa., May 20, 2002); *Miles v. Ramsey*, 31 F. Supp. 2d 869, 875 (D. Colo. 1998); *In re Columbia Securities Litigation*, 155 F.R.D. 466, 473 (S.D.N.Y. 1994).

At best, plaintiff's complaint provides the predicate for a medical negligence case. "Negligent medical care does not give rise to constitutional claim." *Gabriel v. Corrections Corp. of America,* 211 F. Supp. 2d 132, 2002 U.S. Dist. LESIX 13761, * 9 (D.D.C. 2002). Since the plaintiff's complaint is based on a state tort law, 42 U.S.C. §1983 cannot be used to impose liability. *Washington v. District of Columbia,* 256 U.S. App D.C. 84; 802 F.2d 1478 (D.C. Cir. 1986). Plaintiffs take issue with how medical treatment was administered, but that does not make out a claim for deliberate indifference which is the minimum standard for deprivation of a constitutional right. *Id.* Plaintiffs cannot use a negligence action as the basis for jurisdiction in federal district court. Accordingly, Plaintiffs' 42 U.S.C. §1983 claim should be dismissed

**II.  Plaintiff's remaining claims are barred by D.C. Official Code § 12-309.**

Plaintiff did not argue in his opposition that he had complied with the mandatory requirements of D.C. Official Code § 12-309, and therefore concedes that Counts I, II, III [sic], and V [sic] of plaintiff's complaint are barred for failure to comply with the mandatory requirements of D.C. Official Code § 12-309.

### III. Department of Mental Health and St. Elizabeths are *Non Sui Juris*

Plaintiff failed to respond in his opposition to the argument that the Department of Mental Health and St. Elizabeths are *non sui juris*. Therefore, the complaint should be dismissed as against these defendants.

### IV. Punitive Damages May Not Be Awarded Against the District of Columbia as a Matter of Law.

Plaintiff failed to cite any case law to support his claims that he is entitled to punitive damages under any of his causes of action. The Supreme Court has established indisputably that municipalities cannot be subjected to awards of punitive damages under 42 U.S.C. § 1983. *Fact Concerts v. City of Newport*, 453 U.S. 247, 271 (1981); *Dascalea v. District of Columbia*, 227 F.3d 433, 446 (D.C. Cir. 2000). Additionally, punitive damages may not be awarded against the District based on any other claim under local law. *Finkelstein v. District of Columbia*, 593 A.2d 591, 599 (D.C. 1991) ("punitive damages may not be awarded against the District of Columbia") (citing *Smith, supra*, at 832).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

                                                                                                 /s/_____
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6519, (main)(202) 724-6669