UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY L. CLARKE, as Personal :
Representative of the Estate of :
MARIO MEDINA, *et al.*, :
 :
    Plaintiffs, :
 :
  v. : Civil Action No. 06-0623 (JR)
 :
DISTRICT OF COLUMBIA, *et al.*, :
 :
    Defendants. :

**MEMORANDUM ORDER**

    The only allegation of fact that is clear from the complaint in this action is that Mario Medina died at Greater Southeast Community Hospital in Washington, D.C., on April 5, 2005. It appears (although no party has quite said so) that he had been for some time a patient at St. Elizabeth's Hospital in the District of Columbia, that he was transferred to Greater Southeast on or about March 29, 2005, and that he was treated there for congestive heart failure. The plaintiffs are an attorney (who filed the complaint), as personal representative of Mr. Medina's estate, and Mr. Medina's brother. They demand damages under the District of Columbia's survival and wrongful death statutes, D.C. Code §§ 12-201 and 16-2701. The legal theories of their claims are medical malpractice, especially failure to properly administer and monitor medications and their side-effects; negligent training and supervision, which they have pleaded as a civil rights violation under 42 U.S.C. § 1983; and

the infliction of emotional distress, both intentional and negligent.

Plaintiffs' claims against the Department of Mental Health and St. Elizabeth's must be dismissed, because DMH and St. Elizabeth's are non sui juris.  Their § 1983 claim against the District of Columbia must be dismissed, because it fails to state a claim upon which relief can be granted: a medical malpractice claim is not transformed into a constitutional claim by calling it one; and, even if Mr. Medina was an involuntary guest of St. Elizabeth's and analogous to a prisoner complaining of his treatment, the allegations of the complaint do not satisfy the requirements of Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658 (1978).  Plaintiffs' claim for punitive damages against the District must be dismissed, because the District may not be held liable for punitive damages, and their claims against the District for infliction of emotional distress must be dismissed, because the allegations of the complaint do not begin to satisfy the factual requirements of such a claim.  The District's motion to dismiss the remaining common law medical malpractice claim as untimely must be denied, however – the injury complained of is Mr. Medina's death, and the administrative claim provisions of District law were timely complied with.  The medical malpractice against the District may be destined for dismissal – the suggestion of the complaint is that the alleged negligence lay in

the mismanagement of Mr. Medina's medications at Greater Southeast – but the Court can only hope for clarity in the parties' next round of motions.

The § 1983 claim does not lie against Greater Southeast, of course, as Greater Southeast is not a state actor. The punitive damages claim will be dismissed as to Greater Southeast as well as the plaintiff makes no claims of the requisite malice to support the award of punitive damages. The emotional distress claim will also be dismissed as to Greater Southeast for the same reason it will be dismissed as to the District. The motions of Greater Southeast and the District to dismiss the medical malpractice claim as a pendent claim will be denied, however: Plaintiff has pleaded only federal question jurisdiction, to be sure, but it appears from the face of the complaint that this Court has diversity jurisdiction as well.

What remains of this action, to recap the above rulings, is a medical malpractice claim against the District and Greater Southeast, brought both as a survival action and as a wrongful death action. It is accordingly **ORDERED** that the District's motion for summary judgment [9] is **denied**. The District's motion to dismiss [9] is **granted** as to Counts VI and VII [sic: the § 1983 and emotional distress counts) and **granted** as to punitive damages, and **denied** as to Counts I, II, and III (the medical malpractice, survival action, and wrongful death

claims).  Greater Southeast's motion to dismiss [3] is **granted** as to Counts VI and VII [sic: the § 1983 and emotional distress counts) and **denied** as to Counts I, II, and III (the medical malpractice, survival action, and wrongful death claims).  After the parties have filed their responsive pleadings as to the claims that remain following this ruling, the Clerk is directed to set an initial scheduling conference.


                                      JAMES ROBERTSON
                          United States District Judge