UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY CLARKE, as
Personal Representative
of the Estate of MARIO MEDINA

and

RALPH LINUS,
        Plaintiffs,

v.

THE DISTRICT OF COLUMBIA

and

SAINT ELIZABETH HOSPITAL

and

D.C. DEPARTMENT OF
MENTAL HEALTH

and

GREATER SOUTHEAST COMMUNITY
HOSPITAL
        Defendants.

Case No. 1:06CV00623

The Hon. James Robertson

**DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S MOTION FOR RECONSIDERATION OF THAT PART OF THE COURT'S MEMORANDUM OPINION AND ORDER PARTIALLY DENYING GREATER SOUTHEAST COMMUNITY HOSPITAL'S MOTION TO DISMISS**

Comes now Defendant Greater Southeast Community Hospital ("Greater Southeast"), by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 59(e) and/or Rule 60(b), hereby moves this Honorable Court for reconsideration of that part of Its Memorandum Opinion and Order denying in part the Motion to Dismiss filed by Defendant Greater Southeast. As set forth

257674.1

in the attached Statement of Points and Authorities, incorporated herein, Greater Southeast respectfully submits that the record evidence in this case – notably, additional evidence that was not before the Court at the time it considered Greater Southeast's Motion to Dismiss regarding decedent's residence -- demonstrates that this Honorable Court does not have subject matter jurisdiction over Plaintiff's Complaint.

Moreover, The Court is respectfully requested to review that part of its Order denying dismissal as to Count III, as Plaintiff's have no standing to sue for medical negligence as that Count belonged solely to Mr. Medina and expired upon his death.

For these reasons, Greater Southeast respectfully requests that the Court reconsider that part of the Court's Order and Memorandum Opinion, filed March 28, 2007, partially denying Greater Southeast's Motion to Dismiss Plaintiff's Complaint, and enter a dismissal of the Complaint in its entirety.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

/s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
**Counsel for Defendant Greater Southeast Community Hospital**

257674.1

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion for Reconsideration, Statement of Points and Authorities, Exhibits and Proposed Order was filed and served electronically on April 4, 2007 to:

    Wesley L. Clarke
    8622 Far Fields Way
    Laurel, MD 20723

    Stephen J. Anderson
    Office of Corporate Counsel
    PO Box 14600
    Washington, D.C. 20044-4600

                              /s/ Anastasios P. Tonorezos
                              Anastasios P. Tonorezos

257674.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY CLARKE, as<br>Personal Representative<br>of the Estate of MARIO MEDINA<br><br>and<br><br>RALPH LINUS,<br>            Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br><br>and<br><br>SAINT ELIZABETH HOSPITAL<br><br>and<br><br>D.C. DEPARTMENT OF<br>MENTAL HEALTH<br><br>and<br><br>GREATER SOUTHEAST COMMUNITY<br>HOSPITAL<br>            Defendants. | Case No. 1:06CV00623<br><br>The Hon. James Robertson |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S
<u>MOTION FOR RECONSIDERATION</u>**

Pursuant to Fed.R.Civ.P. 59(e) and/or Rule 60(b), Greater Southeast Community Hospital ("Greater Southeast") submits this Statement of Points and Authorities for reconsideration of that part of the Court's Order and Memorandum Opinion, filed March 28, 2007, partially denying Greater Southeast's Motion to Dismiss Plaintiff's Complaint.

257674.1

I.  INTRODUCTION

Greater Southeast respectfully requests that the Court reconsider that part of its March 28, 2007, Memorandum Opinion and Order partially denying Greater Southeast's Motion to Dismiss Plaintiffs' Complaint, on the grounds that the District Court does not have subject matter jurisdiction over Plaintiffs' claims. Plaintiffs' Complaint based jurisdiction on 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1367 (Pendent Jurisdiction). Once the Federal question was dismissed, this Honorable Court found that the Court may have diversity jurisdiction as well. However, following a review of the Complaint and medical records, it is clear that Decedent was a resident of the District of Columbia at the time of his death and thus, diversity jurisdiction does not exist. Greater Southeast's initial motion did not address Decedent's residence as the Complaint does not set forth that Decedent was a resident of a State other than the District of Columbia, and only recently reviewed Plaintiff's medical records to analyze the Court's findings.

In addition, if this Court determines that It has jurisdiction over this matter, the Court is respectfully requested to review that part of Its Order denying dismissal as to Count III, as Plaintiffs have no standing to sue for medical negligence as that Count belonged solely to Mr. Medina and expired upon his death. Plaintiffs also allege wrongful death and sue under the survival statute, under the identical set of facts as Count III (medical negligence). Accordingly, Count III should be dismissed.

257674.1

II.     ARGUMENT

A.      Standard of Review

Fed.R.Civ.P. 59(e) and/or 60(b) permits reconsideration of that part of the Court's Order denying Greater Southeast's Motion to Dismiss Counts I, II, and III. See *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978); *see also see also Standing Order for Civil Cases* at ¶ 14, (Urbina, J., Dec. 2004).

B.      This Court Dismissed Plaintiffs' Only Federal Claim and Plaintiffs' Only Basis for Subject Matter Jurisdiction in this Court. As Diversity Jurisdiction Is Not Found in this Case, This Court Does Not have Subject Matter Jurisdiction over the Complaint, and Plaintiffs' Complaint should be Dismissed in its Entirety.

Plaintiffs' non-federal claims against the individual defendants were before this Court as pendent claims. The Court dismissed Plaintiffs' sole federal claim (42 U.S.C. §1983), and accordingly, the entire complaint should be dismissed for lack of subject matter jurisdiction.

Upon reviewing the caption of Plaintiffs' Complaint, it is apparent that this Honorable Court believed that diversity jurisdiction existed. Plaintiffs claim to be residents of the States of Maryland and Illinois, respectively. However, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent..." *28 U.S.C. §1332(c)(2)*. A cursory review of Decedent's medical records indicate that he was a resident of the District of Columbia, and was domiciled at St. Elizabeth's Hospital in the District. (See, Mario Medina's Registration Form completed at Greater Southeast on March 29, 2005, attached hereto as Exhibit "A"). Plaintiffs' Opposition to the Motion to Dismiss also indicates that the Decedent was living at St. Elizabeth's Hospital from as early as 1977. (See Plaintiffs' Answer to Defendant Greater Southeast Community Hospital's Motion to Dismiss Plaintiffs' Complaint, ¶ 1). The statutory formulation of *28 U.S.C. §1332(a)* requires "complete diversity between all plaintiffs and all

257674.1

defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). From the face of the Complaint it appears that Plaintiff Clarke maintains a law office in the State of Maryland, and that Plaintiff Linus lives in Illinois. However, for purposes of the Federal Rules, they are deemed District of Columbia residents as legal representatives in this case. As Mr. Medina's legal representatives are deemed residents of the District of Columbia for purposes of initiating this lawsuit, complete diversity jurisdiction does not exist between all plaintiffs and all defendants.

Accordingly, since Plaintiff's sole federal claim has been dismissed and diversity jurisdiction does not exist, Plaintiffs' Complaint should be dismissed in its entirety.

B.   Should the Court Choose to Exercise Jurisdiction Over Plaintiffs' Non-Federal Claims, The Court Should Dismiss Plaintiffs' Count III for Negligence as <u>Plaintiffs Do Not Have Standing to Sue Under That Count</u>.

Plaintiffs' initial cause of action is drafted as a survival count and seeks to recover damages for defendants' alleged medical malpractice. Count III seeks to recover for defendants' alleged medical malpractice. However, since Count III belonged solely to Mr. Medina, the cause of action expired upon his death, and accordingly, Plaintiffs do not have standing to bring Count III.

<u>DC Code § 12-101; Survival of rights of action</u>, sets forth:

> On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased.

Section 12-101 gives a decedent's legal representative a right to bring a cause of action that the decedent would have had if still living. In this case, Plaintiffs base the survival action upon defendants' alleged negligence/medical malpractice. Pursuant to Section 12-101, the

257674.1

decedent's alleged medical malpractice claim survives in favor of his legal representative, and decedent's representative brings a survival claim under Count I. The Complaint, however, sets forth an additional cause of action, Count III, for negligence-medical malpractice. Count III alleges negligence and wrongful acts on the part of Defendants, causing damages to decedent.

In addition, the theory of liability under Count III is identical to that under Count I. Count III is clearly duplicative of the survival count and should be dismissed. There is no distinguishable theory of liability and no distinguishable damages are recoverable.

For these reasons, the Court should reconsider Its denial of Greater Southeast's motion to Dismiss Count III of the Complaint, and Plaintiffs' Count III should be dismissed with prejudice.

## IV.   CONCLUSION

For these reasons, as well as those otherwise appearing to the Court, the Court should reconsider that part of the Court's Order and Memorandum Opinion, filed March 28, 2007, partially denying Greater Southeast's Motion to Dismiss Plaintiff's Complaint, and enter a dismissal of the Complaint in its entirety, and provide any further relief that the Court deems just and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

/s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
*Counsel for Defendant*
*Greater Southeast Community Hospital*

257674.1