IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY CLARKE, *et. al.,*

        PLAINTIFFS,

v.

DISTRICT OF COLUMBIA, *et. al.*

        DEFENDANTS.

Case No. 06-00623 (JR)

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant District of Columbia (the "District"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. The defendant asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The District states the following in response to the individually numbered paragraphs in the Complaint.

**INTRODUCTION**

1. The allegations asserted in paragraph 1 are legal conclusions to which no response is required. Additionally, the Court has dismissed plaintiffs' Section 1983 claim.

2. The allegations asserted in paragraph 2 are legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial. Additionally, the Court has dismissed plaintiffs' claims for punitive damages.

## **JURISDICTION**

3. The allegations asserted in paragraph 3 are legal conclusions to which no response is required. The defendant recognizes the statutes cited in paragraph 3 but denies that jurisdiction is conferred thereby. Additionally, the Court has dismissed plaintiffs' Section 1983 claim.

4. The allegations asserted in paragraph 4 of the Complaint are legal conclusions to which no response is required. The District does not admit that venue is necessarily conferred therefrom.

5. The allegations asserted in paragraph 5 are legal conclusions to which no response is required. To the extent that paragraph 5 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## **PARTIES**

6. To the extent that paragraph 6 contains factual allegations, the District is without sufficient information to admit or deny said allegations.

7. To the extent that paragraph 7 contains factual allegations, the District is without sufficient information to admit or deny said allegations.

8. The District admits that Saint Elizabeths is organized and exists under the laws of the District of Columbia, and that its principal place of business is 2700 Martin Luther King Jr. Avenue, Washington, D.C. The District denies all other factual allegations contained in paragraph 8, and demands strict proof thereof at trial.

9. The allegations asserted in the last sentence of paragraph 9 of the Complaint are legal

conclusions to which no response is required.

10. The District admits that it "is a municipal corporation organized pursuant to the laws of the United States."

11. The District admits that the Department of Mental Health is organized and exists under the laws of the District of Columbia, and that its principal place of business is 64 New York Avenue, Washington, D.C.

## **STATEMENT OF FACTS**

12. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 13 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 14 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 15 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 16 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is

required. To the extent that paragraph 17 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 18 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## COUNT I: SURVIVAL ACT

19. In response to paragraph 19, the District incorporates its answers to paragraphs 1 through 18 as stated above.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 20 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial. Additionally, the Court has dismissed plaintiffs' claims for punitive damages.

## COUNT II: WRONGFUL DEATH

21. In response to paragraph 21, the District incorporates its answers to paragraphs 1 through 20 as stated above.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 22 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial. Additionally, the Court has dismissed plaintiffs' claims for punitive damages.

## COUNT III: NEGLIGENCE—MEDICAL MALPRACTICE

24. In response to paragraph 24, the District incorporates its answers to paragraphs 1 through 23 as stated above.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 25 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 26 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 27 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial. Additionally, the Court has dismissed plaintiffs' claims for punitive damages.

## COUNT VI: 42 U.S.C. § 1983—TRAINING & SUPERVISION

30. In response to paragraphs 30 through 33, the Court has dismissed plaintiffs' Section 1983 claims.

**COUNT VIII: INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

31. In response to paragraphs 31 through 36, the Court has dismissed plaintiffs' claims.

**FURTHER ANSWERING**, the District denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to herein.

### Third Defense

If the plaintiff and/or plaintiffs' decedent were injured and damaged as alleged in the Complaint, such injuries and damages were the result of their sole or contributory negligence and/or assumption of risk.

### Fourth Defense

The Complaint might not have been filed in a timely fashion.

### Fifth Defense

If the plaintiff and/or plaintiffs' decedent were injured and damaged as alleged in the Complaint, said injuries and damages were the result of the act or acts of a person or persons other than the District of Columbia's agents, servants and employees acting within the course and scope of their employment.

### Sixth Defense

If the plaintiff and/or plaintiffs' decedent were injured and damaged as alleged in the Complaint, such injuries and damages resulted from the joint and concurring negligence of the plaintiff, and/or plaintiffs' decedent, and a person or persons other than the District.

### Seventh Defense

Plaintiffs have failed to mitigate any damages that they may have incurred.

### Eighth Defense

The District complied with the applicable standards of care.

### Ninth Defense

The injuries, if any, sustained by the plaintiffs and/or the plaintiffs' decedent were a result of naturally occurring causes and/or recognized risk, and/or disease entities over which the District had no control.

### Tenth Defense

Plaintiffs might have failed to meet the applicable statute of limitations.

### Eleventh Defense

This action may be barred by the doctrine of laches and/or unclean hands.

### Twelfth Defense

The District will rely on all defenses lawfully available to them, including, but not limited to, those already asserted herein.

### Thirteenth Defense

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### Set-off

The District asserts a set-off for all funds and services provided to the plaintiffs' decedent through Medicare, Medicaid, public assistance, or other sources.

**THE DISTRICT OF COLUMBIA** reserves the right to Amend its Answer.

### REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the District prays the Court will dismiss the Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

>
> Respectfully Submitted,
>
> LINDA SINGER
> Acting Attorney General for the
> District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> _____/s/Nicole Lynch_____
> NICOLE L. LYNCH [471953]
> Section Chief
> General Litigation, Section II
>
> ____/s/Toni Michelle Jackson___
> TONI M. JACKSON (453765)
> Assistant Attorney General
> 441 4th Street, NW, 6th Floor South
> Washington, DC 20001
> (202) 724-6602
> Fax: (202) 727-3625
> E-Mail: toni.jackson@dc.gov