UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY CLARKE, as
Personal Representative
of the Estate of MARIO MEDINA

and

RALPH LINUS,
          Plaintiffs,

v.

THE DISTRICT OF COLUMBIA

and

SAINT ELIZABETH HOSPITAL

and

D.C. DEPARTMENT OF
MENTAL HEALTH

and

GREATER SOUTHEAST COMMUNITY
HOSPITAL
          Defendants.

Case No. 1:06CV00623

The Hon. James Robertson

## ANSWER TO COMPLAINT BY
## GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I
(wrongly identified as Greater Southeast Community Hospital)

The defendant, Greater Southeast Community Hospital Corporation I ("GSEH"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., hereby answers the Complaint in the above-captioned matter. Greater Southeast Community Hospital Corporation I

258626.1

asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

## FIRST DEFENSE

This Court does not have subject matter jurisdiction. The Court dismissed Plaintiffs' U.S.C. Section 1983 claims, and diversity jurisdiction does not exist. In addition, GSEH denies that this Court has supplemental jurisdiction to adjudicate pendent claims as Plaintiffs' U.S.C. Section 1983 claims were dismissed.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

GSEH states the following in response to the individually numbered paragraphs in the Complaint.

## INTRODUCTION

1. The allegations asserted in paragraph 1 are legal conclusions to which no response is required. In addition, the Court dismissed Plaintiffs' U.S.C. Section 1983 claims.

2. The allegations asserted in paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 2 of the Complaint are denied and the defendant demands strict proof thereof. In addition, the Court dismissed Plaintiffs' claims for punitive damages.

## JURISDICTION

3. GSEH denies that jurisdiction exists. The Court dismissed Plaintiffs' U.S.C. Section 1983 claims, and diversity jurisdiction does not exist. In addition, GSEH denies that this Court has

supplemental jurisdiction to adjudicate pendent claims as Plaintiffs' U.S.C. Section 1983 claims were dismissed. GSEH further denies that the statutes cited in paragraph 3 confer jurisdiction.

4. The allegations asserted in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations asserted in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, this defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint. Pursuant to the Rules of Civil Procedure, the allegations are deemed denied.

## PARTIES

6. GSEH is without information sufficient to admit or deny Plaintiffs' allegations in Paragraph 6 and, therefore, denies them.

7. GSEH is without information sufficient to admit or deny Plaintiffs' allegations in Paragraph 7 and, therefore, denies them.

8. GSEH is without information sufficient to admit or deny Plaintiffs' allegations in Paragraph 8 and, therefore, denies them.

9. Greater Southeast Community Hospital Corporation I is a corporation licensed to do business under the laws of the District of Columbia. The remaining allegations as phrased in Paragraph 9 of the Complaint are denied.

10. It is the understanding of GSEH that the District of Columbia is a municipal corporation organized pursuant to the laws of the United States.

11. It is the understanding of GSEH that the Department of Mental Health is organized and exists under the laws of the District of Columbia, and that its principal place of business is 64 New York Avenue, Washington, D.C.

## STATEMENT OF FACTS

12. It is admitted that Mario Medina became a patient at GSEH on March 29, 2005. The remaining allegations in paragraph 12 are denied as phrased and the defendant demands strict proof thereof.

13. The allegations asserted in paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14. The allegations asserted in paragraph 14 of the Complaint are denied and the defendant demands strict proof thereof.

15. The allegations set forth in Paragraph 15 of the Complaint are denied and the defendant demands strict proof thereof.

16. The allegations asserted in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17. The allegations set forth in Paragraph 17 of the Complaint are denied and the defendant demands strict proof thereof.

18. The allegations set forth in Paragraph 18 of the Complaint are denied and the defendant demands strict proof thereof.

## COUNT I
### (Survival Act)

19. GSEH adopts and incorporates the responses to paragraphs 1-18 as if alleged herein.

20. The allegations asserted in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in

258626.1

paragraph 20 of the Complaint and demands strict proof thereof. In addition, the Court dismissed Plaintiffs' claims for punitive damages. Further, Plaintiffs' Count I is the subject of a Motion for Reconsideration to dismiss Count I of the Complaint.

## COUNT II
### (Wrongful Death)

21.   GSEH adopts and incorporates the responses to paragraphs 1-20 as if alleged herein.

22.   The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof. Further, Plaintiffs' Count II is the subject of a Motion for Reconsideration to dismiss Count II of the Complaint.

23.   The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof. In addition, the Court dismissed Plaintiffs' claims for punitive damages. Further, Plaintiffs' Count II is the subject of a Motion for Reconsideration to dismiss Count II of the Complaint.

## COUNT III

24.   GSEH adopts and incorporates the responses to paragraphs 1-23 as if alleged herein.

25.   The allegations asserted in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 25 of the Complaint and demands strict proof thereof.

26. The allegations asserted in paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 26 of the Complaint and demands strict proof thereof.

27. GSEH denies the allegations in paragraph 27 of the Complaint and demands strict proof thereof. Further, Plaintiffs' Count III is the subject of a Motion for Reconsideration to dismiss Count III of the Complaint.

28. The allegations set forth in Paragraph 28 of the Complaint are denied and the defendant demands strict proof thereof. Further, Plaintiffs' Count III is the subject of a Motion for Reconsideration to dismiss Count III of the Complaint.

29. The allegations asserted in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, GSEH denies the allegations in paragraph 29 of the Complaint and demands strict proof thereof. In addition, the Court dismissed Plaintiffs' claims for punitive damages. Further, Plaintiffs' Count III is the subject of a Motion for Reconsideration to dismiss Count III of the Complaint.

## COUNT VI
### (42 U.S.C. §1983, Training and Supervision)

30. In response to paragraphs 30 to 33, the Court dismissed Plaintiffs' Count VI, U.S.C. §1983 claims.

## COUNT VIII
### (Intentional/Negligent Infliction of Emotional Distress)

34. In response to paragraphs 34 to 36, the Court dismissed Plaintiffs' Count VIII, for intentional/negligent infliction of emotional distress.

258626.1

## FOURTH DEFENSE

The alleged injuries and/or damages, if any, may be due to the actions of others, including the plaintiff and/or decedents, for whom this defendant is not and may not be legally responsible.

## FIFTH DEFENSE

The alleged injuries and/or damages, if any, may be due to the decedent's sole and/or contributory negligence.

## SIXTH DEFENSE

The alleged injuries and/or damages, if any, of the decedent may be barred by the doctrine of the assumption of the risk.

## SEVENTH DEFENSE

The Complaint may be barred, in whole or in part, by the statute of limitations.

## EIGHTH DEFENSE

The alleged injuries and/or damages, if any, may be due to a naturally occurring disease process or ongoing medical condition of the decedent which this defendant is not and may not be legally responsible.

## NINTH DEFENSE

Any allegations that are not specifically admitted are denied.

## TENTH DEFENSE

Plaintiffs have failed to mitigate any damages that they may have incurred.

## ELEVENTH DEFENSE

GSEH complied with the applicable standards of care.

## TWELFTH DEFENSE

This action may be barred by the doctrine of laches and/or unclean hands.

258626.1

## THIRTEENTH DEFENSE

The defendant reserves the right to supplement its Answer with additional defenses during the litigation of this case.

## REQUEST AND DEMAND FOR JURY TRIAL

GSEH, by and through it counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the Complaint having been answered, defendant requests the Court to dismiss this case with prejudice, award it costs, disbursements and attorney fees and such other relief as this Court deems just and appropriate.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

/s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
**Counsel for Defendant Greater Southeast Community Hospital Corporation I**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Answer to Complaint, was filed and served electronically on April 11, 2007 to:

Wesley L. Clarke
8622 Far Fields Way
Laurel, MD 20723

Stephen J. Anderson
Office of Corporate Counsel
PO Box 14600
Washington, D.C. 20044-4600

Toni M. Jackson
Office of Corporate Counsel
PO Box 14600
Washington, D.C. 20044-4600

                                                /s/ Anastasios P. Tonorezos
                                                Anastasios P. Tonorezos

258626.1