UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY CLARKE, as Personal Representative of the Estate of MARIO MEDINA<br><br>and<br><br>RALPH LINUS,<br>          Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br><br>and<br><br>SAINT ELIZABETH HOSPITAL<br><br>and<br><br>D.C. DEPARTMENT OF MENTAL HEALTH<br><br>and<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL<br>          Defendants. | Case No. 1:06CV00623<br><br>The Hon. James Robertson |

**DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S REPLY TO PLAINTIFFS' ANSWER TO DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S MOTION FOR RECONSIDERATION/MOTION TO DISMISS**

Defendant Greater Southeast Community Hospital ("Greater Southeast"), by and through undersigned counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submits this Reply in support of its Motion to Dismiss.

259735.1

As set forth in the attached Statement of Points and Authorities, incorporated herein, Greater Southeast respectfully submits that the record evidence in this case – notably, additional evidence that was not before the Court at the time it considered Greater Southeast's Motion to Dismiss regarding decedent's residence -- demonstrates that this Honorable Court does not have subject matter jurisdiction over Plaintiff's Complaint.

Moreover, if this Court does not dismiss the Complaint in its entirety, Plaintiff Ralph Linus should be dismissed as a party to this case as he is not the personal representative of Decedent's Estate and therefore does not have standing to sue for wrongful death.

Finally, it is apparent from Plaintiffs' Opposition that dismissal of Count III of the Complaint is conceded.

For these reasons, Greater Southeast respectfully requests that the Court reconsider that part of the Court's Order and Memorandum Opinion, filed March 28, 2007, partially denying Greater Southeast's Motion to Dismiss Plaintiff's Complaint, and enter a dismissal of the Complaint in its entirety.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

/s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606

259735.1

**Counsel for Defendant Greater Southeast
Community Hospital**

259735.1

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply and Statement of Points and Authorities, was filed and served electronically on April 25, 2007 to:

Wesley L. Clarke
8622 Far Fields Way
Laurel, MD 20723

Toni Michelle Jackson
Office of Corporate Counsel
PO Box 14600
Washington, D.C. 20044-4600

/s/ Anastasios P. Tonorezos
Anastasios P. Tonorezos

259735.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY CLARKE, as Personal Representative of the Estate of MARIO MEDINA : | Case No. 1:06CV00623 |
| : | The Hon. James Robertson |
| and : | |
| RALPH LINUS, : Plaintiffs, : | |
| v. : | |
| THE DISTRICT OF COLUMBIA : | |
| and : | |
| SAINT ELIZABETH HOSPITAL : | |
| and : | |
| D.C. DEPARTMENT OF MENTAL HEALTH : | |
| and : | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL : Defendants. : | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT GREATER SOUTHEAST COMMUNITY HOSPITAL'S
<u>MOTION FOR RECONSIDERATION</u>**

Greater Southeast Community Hospital ("Greater Southeast") submits this Statement of Points and Authorities in Reply to Plaintiffs' Answer and in further support of its Motion for Reconsideration/Motion to Dismiss Plaintiffs' Complaint.

259735.1

I.      **INTRODUCTION**

In order to properly assess the issues raised in this case, and to clarify those issues for this Honorable Court, it is important to address the remaining causes of action filed against Greater Southeast. Plaintiffs' remaining claims are brought under, (1) the DC Survival Statute; (2) the DC Wrongful Death Statute; and (3) a claim for medical negligence.

Plaintiffs' opposition does not address that part of Greater Southeast's Motion to Dismiss Count III of the Complaint, and accordingly, Greater Southeast respectfully requests that the Court accept the arguments raised in its Motion and dismiss Count III.

Plaintiffs' opposition sets forth a one paragraph argument that Plaintiffs are pursuing their claim "in their individual capacities and not on behalf of or for the benefit of the decedent's estate." (See Plaintiffs' Answer to Defendant Greater Southeast's Motion for Reconsideration, page 1). If this is accurate, Plaintiffs appear to concede that they have no standing to bring a claim under the D.C. survival act as the District of Columbia survival act provides for a legal representative to bring a cause of action that decedent would have had had he lived. D.C. Code 12-101.[1] However, since Plaintiffs' Complaint is at odds with Plaintiffs' opposition to the Motion, the survival act is addressed below. As the legal representative of Mr. Medina's Estate must be considered a citizen of the District of Columbia, diversity jurisdiction does not exist in this case.

---

[1] In the event Plaintiffs re-file their claim in the Superior Court, their standing to sue for damages on their own behalf will be addressed as those are not sustainable under the survival act.

259735.1

Finally, Plaintiffs' opposition as well as a review of their Complaint, reveals that Plaintiff Ralph Linus is not the personal representative of the Decedent's Estate, and accordingly, he does not have standing to sue for wrongful death.

This reply addresses only Counts I and II of Plaintiffs' Complaint, as it is apparent Plaintiffs have conceded dismissal of Count III.

II. **ARGUMENT**

    A)    This Court Dismissed Plaintiffs' Only Federal Claim and Plaintiffs' Only Basis for Subject Matter Jurisdiction in this Court. As Diversity Jurisdiction Is Not Found in this Case, This Court Does Not have Subject Matter Jurisdiction over the Complaint, and Plaintiffs' Complaint should be Dismissed in its Entirety.

Plaintiffs' non-federal claims against the individual defendants were before this Court as Decedent, Mario Medina's claims. The Court dismissed Plaintiffs' sole federal claim (42 U.S.C. §1983), and accordingly, the entire Complaint should be dismissed for lack of subject matter jurisdiction.

    B)    Decedent, Mario Medina's, Legal Representative is Deemed a Citizen of the District of Columbia and Prevents Diversity Jurisdiction in this Case.

"[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent..." *28 U.S.C. §1332(c)(2)*. A cursory review of Decedent's medical records indicate that he was a resident of the District of Columbia, and was domiciled at St. Elizabeth's Hospital in the District. (See, Mario Medina's Registration Form completed at Greater Southeast on March 29, 2005, attached Greater Southeast's Motion as Exhibit "A"). The statutory formulation of *28 U.S.C. §1332(a)* requires "complete diversity between all plaintiffs and all defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). From the face of the Complaint it appears that Plaintiff Clarke maintains a law office in

259735.1

the State of Maryland, and that Plaintiff Linus lives in Illinois. However, for purposes of the Federal Rules, Mr. Medina's Legal Representative is deemed a District of Columbia resident.

Plaintiffs' opposition cites a Tenth Circuit case dealing with the State of Kansas' wrongful death statute. Tank v. Chonister, M.D., 160 F.3d. 597 (10th Cir. 1998). The Kansas statute addressed in Tank, does not speak to a case brought by a legal representative on behalf of the estate. Id. The Tenth Circuit's decision clearly draws this distinction between cases where a plaintiff is representing the heirs and not the estate itself. Id. at 599. The statutory basis for the survival count brought in the case at bar is different from the Kansas wrongful death statute. The D.C. Code unequivocally sets forth that only a legal representative of the estate may bring a survival claim in D.C. D.C. Code 12-101. Plaintiffs' opposition seems to lump the general wording of the Tank case in order to argue against dismissal of this claim. Even if this Court were to look at the Tenth Circuit case for guidance, the Tank holding does not apply to the survival action in this case.

The Complaint clearly sets forth that Plaintiff Wesley Clarke is "the legal representative of the deceased." (See Plaintiffs' Complaint ¶ 20). As such, and in that capacity, he is a citizen of the District of Columbia. In fact, only a legal representative of an estate of a decedent may sue under the survival act. D.C. Code 12-101. Accordingly, for Plaintiffs' survival claim to survive, it cannot be brought in this Court. As Mr. Medina's legal representatives[2] are deemed residents

---

[2] It is not conceded that either Plaintiff is a Legal Representative of the Estate. However, that supposed fact is not vital to the issues before this Court and will not be addressed at this time. If the Survival Count were to survive in in the Superior Court, only a Legal Representative has standing to sue under the survival act. D.C. Code 12-101; Saunders v. Air Florida, Inc., 558 F.Supp. 1233 (D.D.C. 1983).

259735.1

of the District of Columbia for purposes of initiating this lawsuit, complete diversity jurisdiction does not exist between all plaintiffs and all defendants.

Accordingly, since Plaintiff's sole federal claim has been dismissed and diversity jurisdiction does not exist, Plaintiffs' Complaint should be dismissed in its entirety.

C) In the Alternative, if this Court Does Not Dismiss the Complaint in its Entirety, Ralph Linus Does Not Have Standing to Sue for Wrongful Death.

"The Wrongful Death Statute, Section 16-2702 of the District of Columbia Code provides that an action pursuant to D.C. Code 16-2701 'shall be brought by and in the name of the personal representative of the deceased person.'" Saunders v. Air Florida, Inc., 558 F.Supp. 1233 (D.D.C. 1983); quoting, D.C. Code 16-2702. Only the personal representative of Mr. Medina's Estate may bring the Wrongful Death claim. Id. Neither the Complaint nor Plaintiffs' opposition alleges that Mr. Linus is the personal representative of Mr. Medina's Estate.

Accordingly, if the Wrongful Death count survives Greater Southeast's Motion, Ralph Linus must be dismissed as a plaintiff.

### III. CONCLUSION

For the reasons set forth herein, Greater Southeast respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice. In the alternative, if Plaintiffs' Complaint is not dismissed in its entirety, Greater Southeast respectfully requests that this Court dismiss Plaintiff Ralph Linus as he does not have standing to sue for wrongful death.

259735.1

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

/s/ Anastasios P. Tonorezos
Catherine A. Hanrahan (D.C. Bar Number 441775)
Anastasios P. Tonorezos (D.C. Bar Number 495133)
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
*Counsel for Defendant*
*Greater Southeast Community Hospital*