UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY L. CLARKE, as Personal      :
Representative of the Estate of    :
MARIO MEDINA, *et al.*,            :
                                   :
    Plaintiffs,                  :
                                   :
  v.                               :  Civil Action No. 06-0623 (JR)
                                   :
DISTRICT OF COLUMBIA, *et al.*,    :
                                   :
    Defendants.                  :

### MEMORANDUM

Defendant Greater Southeast Community Hospital ("Greater Southeast") moves to dismiss the remaining claims raised in plaintiff's complaint [19]. For the reasons discussed below, the motion will be **granted**, and the case **dismissed**.[1]

### Discussion

Three claims survived my memorandum order of March 28, 2007: a claim under the D.C. Survival Act (Count I), a claim under the D.C. Wrongful Death Act (Count II), and a claim for medical malpractice (Count III). All three claims name both the District of Columbia and Greater Southeast as defendants. While plaintiffs pleaded federal question jurisdiction only, I found

---

[1] Although the District of Columbia has not joined Greater Southeast's motion to dismiss, the court will dismiss the remaining counts pending against the District *sua sponte* given that the diversity jurisdiction analysis applies with equal force to both defendants, and that "a party cannot waive the absence of subject matter jurisdiction." Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997).

diversity jurisdiction present on the face of the complaint, as plaintiffs appeared to reside in Maryland and Illinois, and defendants, in the District of Columbia, [18] at 3.

Opposing diversity jurisdiction in its second motion to dismiss, Greater Southeast notes that under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Plaintiffs do not dispute that decedent Mario Medina was a resident of the District of Columbia. Instead, in reliance on a single 10th Circuit opinion, they maintain that 28 U.S.C. § 1332(c)(2) is inapplicable because plaintiffs are pursuing claims "in their individual capacities and not on behalf of or for the benefit of the decedent's estate." [24] at 1, citing Tank v. Chronister, 160 F.3d 597 (10th Cir. 1998).

There are several problems with plaintiffs' argument. First, as defendant rightly notes, a claim under the D.C. Survival Act is available only to the legal representative of the deceased. D.C. Code § 12-101. In their complaint, plaintiffs claim that the right of action under the Survival Act "survives in favor of Wesley L. Clarke, the legal representative of the deceased."[2] [1] ¶ 20. If that is the case, Wesley Clarke must

---

[2]Note that defendant Greater Southeast does not concede – and it is not evident from the face of the Complaint – that Clarke is in fact Medina's legal representative. However, because he claims to be Medina's legal representative in pleading

be deemed a resident of D.C. under 28 U.S.C. § 1332(c)(2), and the claims must be dismissed for lack of diversity jurisdiction. If, as plaintiffs later suggest, all remaining claims are brought by plaintiffs in their individual capacities, [24] at 1, plaintiffs have failed to state a claim under the Survival Act, which preserves a deceased person's rights of action only in favor of the decedent's legal representative.  D.C. Code § 12-101.  In either case, the Survival Act claims must be dismissed.

Claims under the Wrongful Death Statute, D.C. Code § 16-2702, may be raised only by the personal representative of the deceased.[3]  The complaint does not allege that plaintiff Ralph Linus is the personal representative of Mr. Medina's estate.  His claims under this statute, as defendant Greater Southeast urges, must therefore be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Mr. Clarke's claim under the D.C. Wrongful Death Act requires closer examination.  As personal representative of Mr. Medina's estate,[4] he appears to have standing under the

---

Count II, he will be deemed so for purposes of this motion to dismiss.

[3]"An action pursuant to this chapter shall be brought by and in the name of the personal representative of the deceased person, and within one year after the death of the person injured."  D.C. Code § 16-2702.

[4]Clarke refers to himself as Medina's "legal representative" in pleading the Survival Act count, but as Medina's "personal representative" in all other portions of the complaint.

statute.  However, if 28 U.S.C. § 1332(c)(2) applies to this claim, he will be considered resident of D.C. for purposes of the wrongful death claim as well.  My jurisdiction over this claim, in other words, turns on whether Mr. Clarke, as a "personal representative" pursuing a claim under the D.C. Wrongful Death Statute, is also a "legal representative" under 28 U.S.C. § 1332(c)(2).  If so, Medina's citizenship controls and the claim must be dismissed.

District courts are divided over whether and to what extent 28 U.S.C. § 1332(c)(2) applies to wrongful death actions, see Heather N. Hormel, *Domicile for the Dead: Diversity Jurisdiction in Wrongful Death Actions*, 2001 U. Chi. Legal F. 519 (2001).  Courts examining the question have focused on the specifics of state wrongful death statutes.  Id. at 531-536.  Notably, while federal courts considering the applicability of § 1332(c)(2) have examined a variety of wrongful death statutes and a variety of plaintiffs, I have not discovered any opinion holding that a plaintiff explicitly representing the estate of the defendant – as opposed to an heir, for example – falls outside the purview of the statutory provision. See, e.g., Liu v. Westchester County Medical Center, 837 F. Supp. 82 (S.D.N.Y. 1993); James v. Three Notch Medical Center, 966 F. Supp. 1112 (M.D. Ala. 1997), Winn v. Panola-Harrison Electric Cooperative, Inc., 966 F. Supp. 481, 483 (E.D. Tex. 1997); Tank v. Chronister,

160 F.3d 597, 599 (10th Cir. 1998); Green v. Lake of the Woods County, 815 F. Supp. 305, 309 (D. Minn. 1993).

Under D.C. law, a 'legal representative' under the Survival Act differs from a 'personal representative' under the Wrongful Death Act. Strother v. District of Columbia, 372 A.2d 1291, 1295 (D.C. 1977). The phrase 'personal representative' in the Wrongful Death Act is "more restrictive and refers only to an officially appointed administrator or executor." Id. at 1296 n.7. In D.C., therefore, 'personal representatives' are a subset of the larger category of 'legal representatives.' However Clarke refers to himself in pursuing the various claims, it is clear that he may only bring an action under the Wrongful Death Act as an "officially appointed administrator or executor" of Medina's estate. Id. As such, he is necessarily also a "legal representative of the estate" under 28 U.S.C. 1332(c)(2). Defendant Medina's citizenship therefore prevails on the wrongful death claim as well, and diversity jurisdiction is again defeated.

Plaintiffs do not contest Greater Southeast's argument that Count III is duplicative of the survival act count and should be dismissed.

Finally, plaintiffs request that, if I am inclined to dismiss the remaining counts, I instead remand the case to

- 5 -

Superior Court.  That I cannot do, as this case was never filed in Superior Court.

An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge